Opinion
 

 ELKINGTON, J.
 

 —Defendant Alexander pleaded guilty to the crime of grand theft from the person of another as described by Penal Code section 487, subdivision 2. On October 13, 1976, imposition of judgment was suspended, and he was placed upon conditional probation. He did not appeal, and the order granting probation became final. Thereafter his probation was revoked, and the judgment under which he was sentenced to state prison was imposed. His appeal is from the judgment, but the issues relate only to the proceedings on revocation of probation and sentencing.
 

 Following the grant of probation, Alexander was arrested for an offense committed after that date. On December 14, 1976, a preliminary hearing was held on the subsequent offense. Alexander, in his appellate brief, describes the evidence there adduced, as follows:
 

 “On November 28, 1976, around 10:30 p.m., William Harrison Jones arrived at the Frisco Club. He had just come from a meeting of the Black Gay Caucus....
 

 “At the Frisco Club, Jones met Walter Alexander, Charles Howell, Darrelle Scales, and two others (Steve and ‘X’). Before Jones left the Frisco Club, he asked Steve for a ride home .... Steve agreed and Jones got into Steve’s car with Walter Alexander, Charles Howell, Darrelle Scales and ‘X.’ While they were driving, Scales said to Jones, ‘ “I’d sure like to fuck you tonight.” ’ .. . Jones replied, ‘Maybe.’. . . Jones testified that the others made similar propositions.....
 

 
 *23
 
 “When they arrived at Jones’ apartment, Jones invited them in and offered them some fruit .... Scales asked Jones, ‘ “How about that proposition. . . . We are all riding around, we are trying to make some money.” ’ . . . Scales then offered to stay over in exchange for some merchandise. Jones said no and told them that they better leave .... At that point, according to Jones, Scales said, “This is a robbeiy.” ’ . . . Jones tried to run to the kitchen but was stopped and held by Alexander .... While he was being held by Alexander, he was hit by Howell and Scales .... The defendants then took his small black and white television and ran from his apartment .... Jones did not see who actually took the television because he was still in Alexander’s grasp .... Nothing else was taken .... Jones th.en called the police and told them what had happened ....”
 

 On December 29, 1976, the district attorney moved to revoke the probation granted Alexander at his October 13, 1976, conviction, and a hearing was held on that motion January 20, 1977. At the hearing the People offered in evidence the transcript of testimony taken at the December 14, 1976, preliminary hearing, and police reports relating to that offense. Alexander, represented by counsel, offered in evidence certain reports of the probation officer. At the conclusion of the hearing, the court announced “this court has heretofore read and considered the items which are now in evidence—the preliminary hearing transcript, the two police reports and the supplemental report—and this court is satisfied by clear and convincing evidence that the defendant is in violation of the terms of his probation. And, therefore, the motion is granted and probation is ordered revoked.”
 

 Alexander makes no contention thai the hearing on the motion to revoke probation was unreasonably delayed, or that he was denied proper notice of the matters upon which the motion was founded, or that the evidence before the superior court was inadequate support for his probation’s revocation.
 

 On his appeal Alexander nevertheless contends that the revocation of probation proceedings, as conducted, denied him his “due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, sections 17 and 15 of the California Constitution.”
 

 He first insists that the superior court’s failure to have a “pre-revocation hearing” on the motion to revoke constituted such a deprival. The argument is basically founded on
 
 Morrissey
 
 v.
 
 Brewer,
 
 408
 
 *24
 
 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], which as is well known, concerned revocation of
 
 parole
 
 hearings, not revocation of
 
 probation
 
 hearings. But the state’s high court in
 
 People
 
 v.
 
 Vickers,
 
 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], found no difference, in principle, between proceedings for revocation of parole and proceedings for revocation of probation, thus holding a probationer also to be entitled generally to the rights recognized by
 
 Morrissey
 
 v.
 
 Brewer.
 
 Thereafter the California Supreme Court in
 
 In re Bye,
 
 12 Cal.3d 96 [115 Cal.Rptr. 382, 524 P.2d 854] (cert, den., 420 U.S. 996 [43 L.Ed.2d 679, 95 S.Ct. 1437]), concluded that
 
 Morrissey
 
 v.
 
 Brewer
 
 did not require in a parole revocation proceeding that there be two hearings, or a “pre-revocation hearing”; instead it allowed one hearing, or a “unitary hearing,” requiring only “that such a unitary hearing be held promptly.” (12 Cal.3d, p. 107.) According to
 
 People
 
 v.
 
 Vickers,
 
 this holding is also applicable to probation revocation proceedings. And we so held in
 
 People
 
 v.
 
 Buford,
 
 42 Cal.App.3d 975 [117 Cal.Rptr. 333], Since, as noted, Alexander makes no contention that his probation revocation hearing was unduly delayed, the instant argument is found invalid.
 

 It is next urged by Alexander that his request to call witnesses in his defense at the hearing on the motion to revoke probation “was flatly denied by the trial court, . . .” The argument is factually unfounded; his only request was that, instead of placing the preliminary hearing transcript in evidence, he took “the position that percipient witnesses, if any, should be called
 
 [by the prosecution]
 
 to be presented in the courtroom for testimony and cross-examination.” Alexander made neither motion, nor other indication that he wished to call witnesses at his probation revocation hearing. Nor was there such a “flat denial” by the court.
 

 Alexander’s remaining contention of error relates to the superior court’s sentencing procedure following its order revoking probation. He describes it in this manner: “The court’s refusal to permit appellant to explain why he ran from the courtroom requires a reversal.”
 

 According to the record before us, and following the superior court’s order revoking probation, these proceedings occurred:
 

 “The Court: . . . Now, the court also has before it and is now examining the original presentence report in this action as it might assist the court for purposes of sentence. . . . What I am going to do—the defendant is ordered remanded to custody, ... I know what we are
 

 
 *25
 
 involved with here. And the only serious question in my mind right now is whether he is going to go to state prison or the Youth Authority. That is the only question in my mind. So I am going to sit on that for a day or so. Because of his age and lack, apparent lack, of other criminal history other than the matter he is on probation for, Youth Authority is a serious consideration, on the one hand. On the other hand, the matter on which he is on probation was the result of two purse snatches. . . . All right. Wednesday morning at 9;00 a.m. for sentence. The defendant is remanded. ... 9:00 a.m. All right. (Whereupon at 10:58 defendant ran from courtroom pursued by bailiff. The following proceedings were had at 11:10 a.m.:) The Court: Let the record show this is the matter involving Mr. Alexander again, that when the court recessed the defendant in effect escaped, that he fled to the front door of the courtroom, down three flights of steps and out into the back parking lot before he was apprehended. He is now again in court. And it would appear that the defendant lacks certain controls. And I am—the court is now satisfied that the matter need not be continued for sentence so that it may further determine what alternative is appropriate. Arraign the defendant for judgment. The Clerk: Yes, your Honor. Walter C. Alexander, on August 25th, 1976, you were certified to the superior court for sentence and judgment after your plea of guilty to the crime of felony, to wit: violating section 487.2 of the Penal Code, in municipal court department No. 9. And the probation subsequently granted in the superior court this day having been revoked and this day being the time for pronouncement of judgment, I therefore ask you do you have any legal cause to show why judgment should not now be pronounced against you? Mr. Goldsmith [attorney for Alexander]: Your Honor, I would ask that sentence be continued in this matter, that in view of this unfortunate incident which may appear to be some disrespect for the court, that it may be appropriate—I haven’t had an opportunity to talk to the defendant. There may [svc] something I could bring to the court’s attention. I don’t know what at this time. But I would like to be able to See if there is anything I could bring to the court’s attention. And, of course, I mentioned before I thought that sentence should be stayed until the 211 charge now pending returns to court, but—and I would reiterate that request. And if that’s not acceptable, I would like to be able to present some discussion to the court which I am not now capable of doing. The Court: All right. The only areas that were in the court’s mind in regard to sentencing have been resolved by the defendant. All right. No legal cause why judgment should not now be pronounced? Mr. Goldsmith: There is no legal cause, your Honor, except I make this—I so move as I just discussed. The Court: All right. Then the request for
 
 *26
 
 continuance will be denied. . . . Walter C. Alexander, on a violation of 487.2 of the Penal Code, it is the judgment and sentence of the court that you be committed to the state prison for the term prescribed by law. The commitment will be pursuant to 1168 of the Penal Code and 1202B of the Penal Code.”
 

 It is the public policy of this state that there be procedural protections to “assure informed, intelligent and just [probation] revocation decisions.”
 
 {People
 
 v.
 
 Coleman,
 
 13 Cal.3d 867, 873 [120 Cal.Rptr. 384, 533 P.2d 1024].) This policy reasonably applies also to sentencing decisions. Both should be the result of sound, deliberate judicial discretion.
 

 It was recently reiterated in
 
 In re Cortez, 6
 
 Cal.3d 78, 88 [98 Cal.Rptr. 307, 490 P.2d 819]: “ ‘Pronouncement of judgment... is a critical stage in the criminal prosecution when the constitutional rights “to appear and defend, in person and with counsel” . . . apply A defendant convicted of a felony has the right to be present at the pronouncement of judgment. . .; to be represented by counsel. . .; and to receive a hearing at which he may present evidence with respect to mitigation of sentence . . ..” (And see authority there collected.)
 

 It will be noted that the trial court had expressed indecision whether to sentence Alexander, 19 years of age, “to state prison or the Youth Authority. That is the only question on my mind. So I am going to sit on that for a day or so.” Following Alexander’s “escape” and recapture his attorney represented: “. . . I haven’t had an opportunity to talk to the defendant. There may [sic] something I could bring to the court’s attention. I don’t know what at this time. But I would like to be able to see if there is anything I could bring to the court’s attention. ... I would like to be able to present some discussion to the court which I am not now capable of doing.”
 

 There may have been no mitigable explanation of Alexander’s attempted escape. But we are nevertheless of the opinion that it was a violation of Alexander’s constitutional right to counsel at
 
 “a
 
 critical stage in the criminal prosecution,” to refuse his attorney some reasonable opportunity to confer with his client “to see if there [was] anything [he] could bring to the court’s attention.” Failure to-do so denied Alexander a “hearing at which he may present evidence with respect to mitigation of sentence,” contrary to
 
 In re Cortez, supra,
 
 6 Cal.3d 78, 88. And as a result, Alexander had no hearing, and was in
 
 *27
 
 effect represented by no attorney, in respect of the matter which brought about the court’s decision to impose a state prison sentence.
 

 We conclude that the order revoking Alexander’s probation should be affirmed, but that his sentence to state prison was erroneously imposed.
 

 The order revoking probation is affirmed, but the sentence thereafter imposed upon defendant Alexander is set aside. The cause is remanded to the superior court for further proceedings not inconsistent with our expressed opinion.
 

 Racanelli, P. J., and Avakian, J.,* concurred.
 

 A petition for a rehearing was denied October 19, 1977.