[No. A058593. First Dist., Div. Three. Mar. 29, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ELDRED J. MAKABALI, Defendant and Appellant.

## COUNSEL

Dave Linn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Eldred J. Makabali appeals after he pled no contest to one count of lewd conduct with a child (Pen. Code, § 288, subd. (a)) and was sentenced to three years in prison. He contends an attorney specifically appointed to investigate possible ineffective assistance by appellant's trial counsel was *himself* ineffective because he refused to file a motion to withdraw the plea. Consequently, he asks that we remand this case to the trial court to permit him to file a motion to withdraw his plea. We conclude the "conflict" attorney acted properly, and therefore affirm the judgment.

### I

### FACTS

The facts of the offense are not relevant to the issues raised on appeal. Suffice it to say appellant lewdly fondled his daughter's 11-year-old friend when she was visiting his home.

Appellant was charged with lewd conduct with a child, sexual battery, and rape by foreign object. (Pen. Code, §§ 288, subd. (a), 243.4, subd. (a), 289, subd. (a).) Pursuant to a plea bargain, he pled no contest to the lewd conduct

charge, with a maximum possible sentence of three years. The district attorney dismissed the remaining charges.

On March 5, 1992, while appellant was awaiting sentencing, he appeared in court with his counsel, Mr. Chazin. At that appearance, Mr. Chazin informed the court appellant wanted to withdraw his plea. According to Mr. Chazin, appellant wanted to withdraw his plea because he believed "he wasn't informed of the immigration consequences as a result of his plea and that I didn't inform him of such consequences. . . . [O]f course, I'm quite adamant that I had informed him of it and the fact and conditions in the plea form. . . . He is saying that I didn't inform him of the consequences. I'm saying I did." Consequently, at Mr. Chazin's request, the court declared a conflict and appointed separate counsel to investigate appellant's ineffective assistance claim.

The court ordered appellant's conflict counsel—Mr. Besneatte—to file a motion to withdraw the plea by March 23, 1992. However, Mr. Besneatte did not file such a motion, explaining at an April 2 hearing that he did not feel "there [was] a sufficient basis to present a motion." He stated: "I have not been able to find or develop any authority based on my discussion with [appellant] and without an opportunity to *further* talk to Mr. Chazin about the representations[1] [I have nothing] that would allow me to present a viable motion." (Italics added.)

The court noted there had been sufficient time for Mr. Besneatte to talk with Mr. Chazin and went on to hear from the victim and her family. The court then suspended proceedings until the department of corrections completed a Penal Code section 1203.03 diagnostic study. The court "specifically [left] open to defense counsel the right to raise the issue of inadequate counsel at any time before sentencing."

Neither appellant nor his counsel raised the inadequate assistance issue after the April 2 hearing. Appellant was sentenced on July 14, 1992, and was represented by Mr. Chazin at that hearing.

Following sentencing, appellant filed the instant appeal; his request for a certificate of probable cause was denied.

---

[1] Although Mr. Besneatte apparently spoke with Mr. Chazin, he was on vacation at the time of the hearing and therefore not available for further discussion.

## II

### DISCUSSION

A. *Motion to Withdraw the Plea.*

 Appellant contends we must remand the case to the trial court to permit him to file a motion to withdraw his plea because Mr. Besneatte was *required* to do so upon his request. Appellant may raise this issue on an appeal following a nolo contendere plea, even in the absence of a certificate of probable cause. (*People v. Osorio* (1987) 194 Cal.App.3d 183, 187 [239 Cal.Rptr. 333].)

 Appellant relies on a line of cases beginning with the Sixth District's decision in *People v. Brown* (1986) 179 Cal.App.3d 207 [224 Cal.Rptr. 476]. In *Brown*, defense counsel informed the court of her client's desire to withdraw his plea, but said she would not make the motion on his behalf because she did not believe there was any " 'legal basis at this time for him to move the court to withdraw his plea.' " The trial court denied the defendant's request to have another lawyer appointed to make the motion, but permitted Brown to make the motion himself. (*Id.*, at pp. 211-213.) The appellate court concluded Brown was deprived of his right to make a motion *assisted by counsel.* The court acknowledged that an attorney of record has the exclusive right to appear in court and control court proceedings, but found "the decision to seek withdrawal of a plea of guilty, just as the decision to enter such plea" is one within the defendant's power to make, although counsel may, when appropriate, advise against the decision. (*Id.*, at pp. 213-215.) In sum, the court concluded defense counsel was *required* to present the motion to withdraw *unless* the motion "in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards." (*Id.*, at p. 216; see also *People v. Garcia* (1991) 227 Cal.App.3d 1369, 1374-1375 [278 Cal.Rptr. 421].)

The Fifth District followed *Brown* in *People v. Osorio, supra,* 194 Cal.App.3d 183. There, defense counsel declined to assist the defendant in filing a motion to withdraw a plea—despite the admitted presence of possible grounds for the motion—because the attorney could not do so " 'in good conscience.' " (*Id.*, at pp. 186, 188.) The reviewing court concluded "counsel's representation to the court that there was a colorable basis for the motion to withdraw the guilty plea" required remand for the limited purpose of permitting the defendant to make a motion to withdraw his plea. (*Id.*, at p. 189.)

In *People v. McLeod* (1989) 210 Cal.App.3d 585 [258 Cal.Rptr. 496], on the other hand, the Sixth District found the case fell within the "ethical

standards" exception to the *Brown* rule because defense counsel's statements indicated he *could not* make the motion on the defendant's behalf, thus suggesting he had an ethical reason for not doing so. (*McLeod, supra,* at pp. 589-590.)

Finally, the Sixth District recently created a "limited exception" to the *Brown* rule which is relevant to this case. In *People* v. *Garcia, supra,* 227 Cal.App.3d 1369 the court reasoned where "the gravamen of the motion for withdrawal rest[s] on allegations which are properly characterized as claims of ineffective representation . . . there should be a limited exception to the general rule articulated in *Brown.* To hold otherwise would place the attorney in an intolerable position, requiring him to assert his own incompetence and thereby creating a conflict of interest between the client's interests and that of the attorney." (*Id.,* at p. 1377.) ■ Consequently, where a defendant "seeks to withdraw a plea on the ground that his attorney of record has not provided adequate representation, . . . the trial court should follow a procedure comparable to that specified in *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395-397 [217 Cal.Rptr. 306]. The trial court should first elicit and consider the defendant's reasons for believing he has been ineffectively represented, . . . If the defendant 'presents a colorable claim that he was ineffectively represented,' the trial court should appoint new counsel 'to fully investigate and present the motion.' . . . If the defendant does not present a colorable claim, the court may deny the motion without providing for new counsel." (227 Cal.App.3d at p. 1377, fn. omitted.)

■ Here, the court essentially followed the procedure in *Garcia* and appointed new counsel to fully investigate and present the motion based on Mr. Chazin's inadequate representation. However, the newly appointed attorney—Mr. Besneatte—indicated he had not uncovered any information which would permit him to file a "viable" motion to withdraw the plea. Consequently, he did not file a motion. Appellant contends Mr. Besneatte was *required* to file a motion to withdraw because that motion would not have been frivolous. In support of this argument, he cites *People* v. *Soriano* (1987) 194 Cal.App.3d 1470 [240 Cal.Rptr. 328, 65 A.L.R.4th 705] and *People* v. *Barocio* (1989) 216 Cal.App.3d 99 [264 Cal.Rptr. 573]. Generally, those cases hold defense counsel must do more than give a pro forma warning to his or her client that a plea may have an effect on immigration status. Instead, defense counsel has a duty to investigate the specific immigration consequences of a plea and to advise the client accordingly. (*Soriano, supra,* at pp. 1481-1482; *Barocio, supra,* at pp. 106-107.)

Contrary to appellant's assertion, the record does not indicate Mr. Besneatte was unaware of *Soriano* and *Barocio.* Instead, he made the cryptic

remark that "without Mr. Chazin I don't feel . . . there is a sufficient basis to present a motion" based on ineffective assistance. At another point, Mr. Besneatte indicated he could not present a "viable" motion. We must, of course, "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland* v. *Washington* (1984) 466 U.S. 668, 689 [80 L.Ed.2d 674, 694-695, 104 S.Ct. 2052].) In light of the strong presumption counsel acted properly, we find Mr. Besneatte's statements to the trial court were an expression of his "good faith opinion" a motion to withdraw the plea based on ineffective assistance would be "frivolous." (*People* v. *Brown, supra,* 179 Cal.App.3d at p. 216; *People* v. *McLeod, supra,* 210 Cal.App.3d at p. 590.) Appellant has not presented a shred of evidence Mr. Chazin violated the duties imposed by *Soriano* and *Barocio.* Instead, he asks us to *assume* that Mr. Besneatte's investigation was inadequate. We decline to do so.[2]

B. *Request for Continuance.*

■ Finally, citing *People* v. *Alexander* (1977) 74 Cal.App.3d 20 [141 Cal.Rptr. 262], appellant contends he was deprived of his right to counsel during sentencing because the trial court refused to grant substitute counsel's request for a continuance until Mr. Chazin returned from vacation. At the April 2 hearing appellant was represented by Deputy Public Defender Guy Sandler because Mr. Chazin was on vacation. Although Mr. Sandler suggested appellant believed he (Sandler) had not properly prepared for the hearing, there is no indication Mr. Sandler was ineffective. At the hearing the victim's family testified regarding the appropriate sentence and the trial court referred appellant for a Penal Code section 1203.02 diagnostic study. The court took no other action. In these circumstances, the trial court was not required to grant a continuance and it is clear appellant was in fact represented by Mr. Sandler throughout the hearing. *People* v. *Alexander* is simply inapposite.

The judgment is affirmed.

Merrill, J., and Werdegar, J., concurred.

---

[2]This does not mean appellant is without a remedy if he can provide *evidence* Mr. Chazin violated the duty imposed by *Soriano.* In that event, he can file a petition for writ of habeas corpus in the trial court. However, we will not assume such evidence exists when Mr. Chazin himself claimed he provided adequate representation, and an investigation by independent counsel confirmed that fact.