Filed 10/29/13  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056405 |
| v. | (Super.Ct.No. INF10002764) |
| MICHAEL PAUL PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.

Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore Cropley, and Julianne Karr Reizen, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant Michael Perez owned a house and rented rooms to two other men. Various amounts of methamphetamine and drug paraphernalia were found throughout defendant's home during the execution of a search warrant.

A jury convicted defendant of possession of methamphetamine for sale. (Health & Saf. Code, § 11378.) The court suspended sentence and granted formal probation for 36 months.

This appeal involves defendant's oral motions for self-representation. First, defendant contends the trial court had a duty to conduct a full *Marsden*[1] inquiry in addition to a *Faretta*[2] inquiry. Second, defendant argues that, after he withdrew his *Faretta* motion, the trial court had a duty to initiate a *Marsden* inquiry because defendant and defense counsel were irreconcilably in conflict with one another. Third, defendant argues that the court erred in denying a motion to continue the trial before ruling on defendant's *Faretta* motion. Defendant contends that his due process rights and right to effective assistance of counsel were violated because of the trial court's errors. Finally, defendant argues that he received ineffective assistance of counsel during the suppression hearing. We reject defendant's contentions and affirm the trial court's judgment.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] *Faretta v. California* (1975) 422 U.S. 806.

## II

## STATEMENT OF THE FACTS

*A.  Pretrial Proceedings*

After the complaint was filed in December 2010, pretrial proceedings continued until April 2012.  During that time, defendant was represented by four different attorneys and also represented himself.  Defendant's fourth attorney was Ronny Hettena.

On April 11, 2012, the trial court conducted a *Marsden* hearing during which defendant explained his defense was that the police had lied and complained about Hettena discussing the defense with the prosecution and how he was handling the case.  The trial court denied defendant's *Marsden* motion, ruling that defendant's contention about the police lying was not confidential information.

On April 30, 2012, during jury selection on the second day of trial, defendant asked to "fire" Hettena.  Defendant unequivocally told the court that he was not requesting a substitution of counsel but was requesting to represent himself.  Based on defendant's request, the trial court conducted a *Faretta* inquiry.  Defendant asserted he had the ability to represent himself based on his knowledge of courtroom procedure and his experience as a "professional insurance adjuster examiner."  Defendant indicated that he and Hettena differed about strategy.  The trial court discussed attorney-client privilege with Hettena and defendant.  The trial court denied defendant's *Faretta* motion without prejudice.  The trial court told defendant he could renew his *Faretta* motion in the future if it was appropriate.

3

After the prosecutor returned to the courtroom, at defendant's request, Hettena presented an oral motion to suppress evidence. The trial court denied the motion as untimely. Defendant renewed his *Faretta* motion in order to request a continuance to file a written motion to suppress evidence. Ultimately, defendant withdrew his *Faretta* motion and Hettena represented defendant at trial.

B. *The Trial*

To investigate methamphetamine sales by Calvin Treantafilos, one of defendant's renters, the Coachella Valley Narcotics Task Force executed a search warrant for defendant's Palm Springs residence. When the members of the task force entered the residence, they contacted Namon McCloe, who also rented a room from defendant. Because defendant's bedroom was locked, deputies made a forced entry.

The search of defendant's bedroom located a baggie containing 1.8 grams of methamphetamine in a dresser drawer. A deputy also found approximately 100 small plastic baggies, 18 hypodermic needles, and a digital scale. The receipt for the scale had defendant's name on it with a date of purchase three weeks before the execution of the search warrant. Other documents in defendant's name were located in his bedroom.

In the laundry room, deputies found additional baggies, a digital scale, and three plastic baggies containing methamphetamine. The combined weight of the methamphetamine was 14.4 grams (8.1 grams, 4.1 grams, and 2.2 grams.) The laundry room was accessible to all the residents.

Police detective Guillermo Fernandez testified as a drug expert that a typical methamphetamine user uses between .1 and .2 grams of methamphetamine per single use.

4

An amount purchased for personal use varies from .2 to .4 grams. A street dealer typically may possess half an ounce—or 14.25 grams—of methamphetamine, which sells for approximately $600. Detective Fernandez testified that it is common for a street level dealer to have drug paraphernalia spread throughout a house. People who live together are often jointly engaged in narcotics sales because it is difficult to hide the activity. Detective Fernandez opined that defendant possessed methamphetamine for sale, based on the large amount of methamphetamine, the packaging, the digital scales, as well as the packaging materials recovered from defendant's bedroom.

Outside the presence of the jury, defense counsel advised defendant not to testify at trial. Nevertheless, defendant testified and denied knowing there was any methamphetamine at his residence—in his bedroom, the laundry room, or other bedrooms. The door to his bedroom was locked and required a key. Defendant denied knowing that Treantafilos or McCloe were selling methamphetamine out of the residence. Defendant testified he used the baggies found in his bedroom to package and resell jewelry he buys on eBay. The scale was used to weigh the gold, silver, and gemstones. Detective Fernandez testified on recall that he was not personally aware of any jewelry, beads, coins, or stamps found in defendant's residence.

On cross-examination, defendant admitted calling Detective Fernandez after the search warrant was executed to say that the paraphernalia in the bedroom was defendant's. Defendant denied selling methamphetamine or possessing the drugs found in the home. On the day the search warrant was executed, however, he was buying methamphetamine in Los Angeles. Defendant said the door to his bedroom was locked

5

when he left for Los Angeles. He admitted that all three residents used the laundry room. He was familiar with methamphetamine symptoms and he had used methamphetamine for 20 years. He denied knowing McCloe was a methamphetamine user, stating it was "a complete surprise." He did not offer any proof that he had an eBay business.

## III

## DEFENDANT'S MOTIONS TO RELIEVE DEFENSE COUNSEL

Defendant contends the trial court erred by: (1) failing to conduct a sufficient initial *Marsden* hearing; (2) failing to initiate a second *Marsden* hearing at the suppression hearing; and (3) refusing to continue the trial before ruling on defendant's *Faretta* motion. We conclude the record demonstrates that the trial court did not err because defendant expressly requested self-representation. Nor was the trial court required to initiate a *Marsden* inquiry sua sponte when the record fails to support an irreconcilable conflict existed that violated defendant's Sixth Amendment right to effective assistance of counsel. Further, the court properly exercised its discretion in denying defendant's renewed *Faretta* request when defendant also sought a continuance and a delay in the trial.

### A. First Marsden Hearing

The duty to conduct a *Marsden* inquiry arises only when the defendant asserts his counsel's performance has denied him his constitutional right to effective counsel. (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787.) The court has the discretion to deny an untimely *Marsden* motion. (*People v. Shoals* (1992) 8 Cal.App.4th 475, 497.)

6

A defendant's *Faretta* motion for self-representation differs from a *Marsden* motion for substitution of counsel, "one raising the question of defendant's competency to waive his right to counsel, and the other raising the question of existing counsel's competency." (*People v. Burton* (1989) 48 Cal.3d 843, 855.) A request for self-representation does not trigger a duty to conduct a *Marsden* inquiry or suggest substitution of counsel as an alternative. (*People v. Clark* (1992) 3 Cal.4th 41, 105.)

In *Burton*, the California Supreme Court found that the trial court had no duty to conduct a *Marsden* inquiry when the defendant argued on appeal that the trial court failed to conduct a *Marsden* inquiry after the defendant made a *Faretta* motion on the basis of dissatisfaction with defense counsel: "Although defendant expressed dissatisfaction with his attorney, he made repeated, explicit requests to represent himself and gave reasons why he thought he would be more persuasive and effective than counsel. He never suggested he would like a different attorney. [Citation.] Nor is it the rule that whenever a defendant makes a motion to represent himself on the basis of dissatisfaction with counsel, the court automatically should inquire whether he would like to make a motion for substitution of counsel. [Citations.]" (*People v. Burton, supra,* 48 Cal.3d at p. 855.)

Here, because defendant asked to fire Hettena and to represent himself, the trial court had no duty to conduct a *Marsden* inquiry. Instead, the trial court properly conducted a *Faretta* inquiry.

B. *Second Marsden Hearing*

Additionally, the trial court had no duty to initiate a second *Marsden* hearing because defendant thought Hettena should make a suppression motion. Defendant argues

7

that it was apparent that Hettena and defendant had irreconcilable differences. While fundamental decisions about the handling of a criminal case belong to the defendant, most other decisions belong to the attorney. (*People v. Frierson* (1985) 39 Cal.3d 803, 813; *People v. Welch* (1999) 20 Cal.4th 701, 729.) Hettena had "'complete control of defense strategies and tactics.'" (*In re Barnett* (2003) 31 Cal.4th 466, 472.) "A defendant does not have the right to present a defense of his own choosing, but merely the right to an adequate and competent defense." (*Welch,* at p. 728.) A defense attorney is not required to make a futile or frivolous motion. (*People v. Prieto* (2003) 30 Cal.4th 226, 261; *People v. Scheer* (1998) 68 Cal.App.4th 1009, 1024.) Even if a defendant is dissatisfied with defense counsel, "[t]he trial court is not obliged to initiate a *Marsden* inquiry sua sponte." (*People v. Lara* (2001) 86 Cal.App.4th 139, 150.)

During the suppression hearing, defendant never asked for replacement counsel. Therefore, the court had no duty to initiate a *Marsden* inquiry. Furthermore, the record does not show there was an irreconcilable difference between defendant and Hettena, causing a complete breakdown in the attorney-client relationship. (*People v. Crandell* (1988) 46 Cal.3d 833, 854.) Defendant's chief complaint was that Hettena refused to pursue a formal written motion to suppress evidence or challenge the search warrant. Hettena had no duty to file a meritless motion. Defendant even acknowledged there was little likelihood of success if a motion to suppress evidence was filed.

None of defendant's additional complaints demonstrate an irreconcilable conflict with Hettena. Defendant was not "compelled" to be represented by appointed counsel, as he now asserts. After the court indicated it could rule on defendant's *Faretta* motion or

8

defendant could withdraw it without prejudice, defendant chose to proceed and expressly withdrew his *Faretta* motion. Furthermore, it was Hettena, as counsel of record, who presented defendant's oral suppression motion to the court, arguing that defendant's residence was a multi-occupancy dwelling. Hettena also represented to the court that, if the court suppressed the requested evidence, the case would be easier to defend at trial and if the court denied the motion, defendant might agree to a plea. Defendant expressly approved of Hettena's argument as he articulated it to the court. The record does not support that defense counsel improperly discussed trial strategy or revealed confidential information.

In its simplest formulation, the issue is that Hettena believed defendant's proposed suppression motion was meritless. Hettena was counsel of record, entitled to make tactical decisions. Hettena's statement that defendant should consider self-representation—if he disagreed with defense counsel's decision not to file a suppression motion—did not constitute an irreconcilable difference. Contrary to acting deficiently, Hettena acted rationally in the tactical decisions he made as defendant's attorney.

Defendant's argument that Hettena deprived him of the right to ask for a continuance also lacks merit. Although Hettena declined to request a continuance, defendant himself asked to continue the trial while representing himself. The court properly denied defendant's request for a continuance, advising that the court was prepared to grant defendant's *Faretta* motion only if he was ready to proceed to trial without a continuance.

9

Based on these circumstances, defendant cannot show the disagreement between him and defense counsel was of such magnitude that there was a complete breakdown in their relationship. In summary, the record refutes defendant's claim that he requested a substitution of counsel during the suppression hearing or that his relationship with Hettena suffered from irreconcilable differences. The trial court was not required to conduct a *Marsden* inquiry sua sponte during the suppression motion.

## C. Faretta Motion

Finally, the court correctly ruled on the last *Faretta* motion. "*Faretta* itself and later cases have made clear that the right of self-representation is not absolute. [Citation.]" (*People v. Butler* (2009) 47 Cal.4th 814, 824.) "When a motion for self-representation is not made in a timely fashion prior to trial, self-representation no longer is a matter of right but is subject to the trial court's discretion." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1365.) The *Faretta* motion must be timely and not delay the trial. Defendant has the burden of justifying any delay. (*People v. Horton* (1995) 11 Cal.4th 1068, 1110.)

The factors to be considered when ruling upon a defendant's midtrial request for self-representation include defendant's reasons for the motion, the quality of defense counsel's representation, the defendant's proclivity to substitute counsel, the length and stage of the proceedings, and the disruption or delay that might reasonably be expected to follow if the motion was granted. A reviewing court defers to the trial court's exercise of discretion. (*People v. Bradford, supra*, 15 Cal.4th at pp. 1353-1354.)

10

We conclude the trial court properly exercised its discretion by denying defendant's *Faretta* motion and finding that defendant could represent himself only if he was ready to proceed with the trial without a continuance. Case law confirms that a trial court has the discretion to condition a grant of a *Faretta* motion on defendant's agreement that there be no delay or continuance of the trial proceedings. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1039-1040; *People v. Clark, supra*, 3 Cal.4th at p. 110.)

In *People v. Valdez* (2004) 32 Cal.4th 73, 102-103, the trial court denied the defendant's request for self-representation made just moments before jury selection. Defendant insisted he had a constitutional right to represent himself. The trial court responded that it would allow the defendant to represent himself if he was prepared to proceed with the trial without any delay or continuance. The California Supreme Court found that the trial court "acted within its discretion in concluding that defendant could represent himself only if he was ready to proceed to trial without delay." (*Id.* at p. 103.)

Here defendant failed to justify the significant delay in bringing his *Faretta* motion in the middle of jury selection. The case had been ongoing for almost a year and a half and the trial had already begun. The trial court was well within its discretion to deny any request for a continuance and require that defendant be prepared to proceed without delay. Instead of representing himself, defendant elected again to withdraw his *Faretta* motion and go to trial with appointed counsel. Therefore, no violation of defendant's Sixth Amendment right to effective assistance of counsel occurred.

11

INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant protests he received ineffective assistance of counsel (IAC) due to Hettena's mishandling of the suppression motion. We agree with respondent the record fails to show that Hettena was ineffective. As already discussed, disagreement over tactics does not demonstrate that defense counsel was deficient. Furthermore, the facts in this case do not establish any prejudice.

To establish an IAC claim, defendant must first show that counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688; see also *People v. Jennings* (1991) 53 Cal.3d 334, 357.) Second, defendant must demonstrate that it is reasonably probable a more favorable result would have been obtained in the absence of counsel's failings. (*Strickland,* at pp. 691-694; see also *People v. Duncan* (1991) 53 Cal.3d 955, 966.) Counsel is presumed to have acted properly and rendered effective assistance. (*Strickland,* at p. 689; see also *People v. Makabali* (1993) 14 Cal.App.4th 847, 853.) A court can deny an IAC claim based solely on the lack of demonstrable prejudice without ever reaching the issue of counsel's performance. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126; *Strickland,* at p. 697.)

Defendant's IAC claim is founded on his repeated contention the trial court was required to conduct a *Marsden* inquiry sua sponte because of how Hettena handled the suppression issue. Defendant further argues that prejudice should be presumed under these circumstances.

The record contradicts defendant. Hettena did not fail to investigate the matter and he did not disclose confidential information (Evid. Code, § 952) or trial strategy. At defendant's insistence and in spite of his misgivings, Hettena made an oral motion for suppression of the evidence. Hettena did not advocate against defendant by telling the court that he had reviewed the search warrant and believed a suppression motion to be meritless. In any event, defendant agreed with Hettena's presentation of the oral suppression motion. Defendant cites no authority that a pretrial motion to suppress evidence is a fundamental right, to be decided by the defendant. Rather, case law supports it is a tactical decision within the control of the defense attorney. (*People v. Scheer, supra*, 68 Cal.App.4th at p. 1024.) Defendant fails to show Hettena's representation fell below an objective standard of reasonableness.

This is not the rare case in which prejudice is presumed. (*United States v. Cronic* (1984) 466 U.S. 648.) Assuming defendant has proven deficient representation under the *Strickland* standard, the record fails to establish prejudice. Defendant has not shown that the belated suppression motion should have succeeded: "[t]o establish prejudice . . . the defendant must do more than show the motion would have been meritorious. When the alleged deficiency is the failure to make a suppression motion, the defendant must show, in addition, the motion would have been successful. [Citation.]" (*People v. Gonzalez* (1998) 64 Cal.App.4th 432, 437-438; *People v. Grant* (1988) 45 Cal.3d 829, 864.)

A reviewing court will only reverse a conviction based on IAC if the record on appeal affirmatively demonstrates counsel had no rational tactical purpose for a failure to file a motion to suppress. (*People v. Scheer, supra*, 68 Cal.App.4th at p. 1024.) Here, the

record discloses why defense counsel declined to file a written motion to suppress evidence. Hettena believed, after reviewing the probable cause statement and the warrant, that the search warrant was valid. He believed that filing a written motion to suppress evidence or a motion to quash and traverse the search warrant was frivolous. Hettena's explanation discloses that he had a rational tactical purpose. Defense counsel was not deficient for declining to file a motion that he believed lacks merit.

V

DISPOSITION

We reject defendant's claims of error involving *Marsden, Faretta,* and IAC. We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
J.

We concur:

McKINSTER_____
        Acting P. J.

RICHLI_____
                J.

14