Filed 3/13/15  P. v. Foster CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C075946 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF122798) |
| v. | |
| JANELLE CHRISTINE FOSTER, | |
| Defendant and Appellant. | |

Defendant Janelle Christine Foster appeals from a final judgment of conviction following a plea of no contest to second degree robbery with great bodily injury and prior prison term enhancements.  Defendant contends the trial court erred in denying her request for substitute appointed counsel.  We reject defendant's contention and affirm.

**BACKGROUND[1]**

On March 22, 2013, defendant was charged by information with three counts as follows:  (1) assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)—count 1);[2]

---

[1] We dispense with a recitation of the facts surrounding defendant's crime as they are not relevant to the issues raised on appeal.

1

(2) second degree robbery (§ 211—count 2); and (3) dissuasion of a witness by force or by an express or implied threat of force or violence (§ 136.1, subd. (c)(1)—count 3). With respect to count 1, the information alleged that defendant personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) The information further alleged that defendant had been previously convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) and served a prior prison term within the meaning of section 667.5, subdivision (b).

The parties entered into a plea agreement on November 13, 2013, less than a week before the scheduled trial date. As part of the plea agreement, the People made an unopposed motion to amend the information to add a great bodily injury enhancement (§ 12022.7, subd. (a)) to count 2. Defendant then entered a plea of no contest to the second degree robbery charge (§ 211), admitted the great bodily injury enhancement (§ 12022.7, subd. (a)), and admitted the prior prison term (§ 667.5, subd. (b)). In exchange for her plea, the remaining counts would be dismissed and defendant would receive a stipulated sentence of nine years in state prison.

The parties' plea agreement was memorialized in a document entitled, "Plea Form -- Felony (With Explanations & Waiver of Rights)." The first page of the plea form indicates that defendant's "Aggregate Maximum Time of Imprisonment" will be "9 (@ 85%)." The second page of the preprinted form indicates that defendant will be sentenced to nine years in state prison and includes the handwritten notation "85%." Defendant signed the plea form, and initialed the appropriate boxes, acknowledging that she understood she would be sentenced to nine years at 85 percent time.

The trial court accepted defendant's plea and admissions, and found that they were knowingly, intelligently, and voluntarily made.

---

[2] Undesignated statutory references are to the Penal Code.

Sentencing was set for January 13, 2014. Before the sentencing hearing began, defense counsel informed the trial court that defendant was considering a motion to withdraw her plea. In addition, defense counsel said, defendant had raised a "Marsdenish issue" that should be decided before proceeding with the possible motion to withdraw the plea. At defense counsel's request, the trial court cleared the courtroom and conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

During the *Marsden* hearing, the trial court asked defendant to describe the reasons for her dissatisfaction with appointed counsel. Defendant responded: "I feel my case is -- wasn't looked into like it -- like it should have been." When asked to elaborate, defendant explained: "I don't know how to say it. Maybe like it wasn't investigated enough." In particular, defendant suggested that other, unidentified witnesses should have been interviewed. In addition, defendant opined that the victim's injuries were inconsistent with the weapon alleged to have been used.

In response, defense counsel explained that the case was "investigated thoroughly" by a private investigator used by defense counsel since 2011. Defense counsel indicated that various witnesses had been interviewed, including defendant, a codefendant, and the victim. Defense counsel also indicated that he consulted with a defense expert on the question whether the victim's injuries were consistent with the weapon alleged to have been used. Defense counsel noted, however, that defendant had previously indicated that she felt pressured or coerced into accepting the plea. Defense counsel urged the trial court to focus the inquiry on the issue of coercion.

Before turning to the issue of coercion, the trial court asked defense counsel to outline his background and experience as a criminal defense attorney. Defense counsel responded that he has been an active member of the criminal defense bar since 1996, having handled "thousands of jury trials and court trials," including death penalty cases.

The trial court then asked defense counsel to describe the circumstances leading to defendant's plea. Defense counsel explained that the prosecution originally offered nine

years but took the offer off the table as the case proceeded to trial. The next series of offers had been in the 12- to 13-year range. Defense counsel said that defendant called to say she wanted to accept the original nine-year offer during the week-long interval between the pretrial conference and the trial readiness conference. Defense counsel convinced the prosecution to resurrect the original offer and arranged to have the case added to the trial court's calendar so that defendant's plea could be entered.

The trial court then turned to the question of coercion, and the following colloquy took place: "The Court: Ms. Foster, do you believe that you were coerced into entering a plea in this case?

"The Defendant: Yes, I do.

"The Court: Tell me why that is.

"The Defendant: For the fact that we had court two days before taking this plea, I got called in the office to sign it right now, go to court right now, take it right now, or it's off the table. I'm like, why don't we wait until the court date to do it? Why do it right now?

"The Court: Anything else regarding your statement that you believe that you were coerced?

"The Defendant: No, your Honor."

Defense counsel then clarified that the prosecution's original nine-year offer dated "back to the original filing or offer sheet prior to [the preliminary hearing,] which would have put it at ten months ago, nine months ago." The prosecution took the nine-year offer off the table after the preliminary hearing on March 15, 2013. The prosecution's subsequent offers "were in the double digits." The prosecution agreed to renew the original nine-year offer the week before trial but would only hold the offer open until the date of the trial readiness conference. "So that left us with days for [defendant] to consider."

4

The trial court then asked defense counsel and defendant whether either had anything else to say on the subject of coercion; each replied in the negative.

The trial court denied the motion, stating, "there is no basis that I can find that the case wasn't investigated or prepared.

"In terms of the coercion," the trial court continued, "there is pressure to settle a case in any case, and the pressure comes from the standpoint that there is time. If you wait until the date of trial, nobody is going to settle a case." The trial court then observed: "What I've heard today is that [defense counsel] was able to resurrect the nine-year offer, did get the district attorney to agree that they would accept that offer, that that is indeed what you wanted to do, and in terms of the timing, which is where the pressure may have been to get it done that day or the next day, that was [defense counsel's] effort to make that nine-year offer happen. It wasn't going to happen on the trial readiness conference date. It had to happen on a day when court was in session with a court reporter available.

"And, let's see, November 13th of 2013, was a Wednesday calendar. The trial readiness conference would have been Friday the 15th. Jury trial was set for November 19th. It was -- the 13th was the only day it could get done. In fact, it was the last day to get it done. So I can't make any finding that you were coerced into accepting a deal that you did not want to do. Moreover, I was the judge who took the plea. I have a plea form in front of me indicating that that in fact was the deal that you wanted to accept." Accordingly, the trial court concluded, "the Marsden motion is denied on each basis, lack of preparation and the coercion."

After the trial court denied the motion, defendant asked to be heard, stating: "I was signing with nine with half and not nine with 85 percent." Defense counsel explained that the parties discussed the possibility of a stipulated sentence of nine years at 50 percent, but the prosecution insisted on nine years at 85 percent. Accordingly, the trial

5

court concluded, "[t]o the extent that -- that argument is made as part of the Marsden hearing, I am denying the Marsden motion on that basis as well."

On February 3, 2014, defense counsel informed the trial court that defendant was withdrawing her request to file a motion to withdraw her plea. The trial court confirmed that defendant wanted to withdraw her motion to withdraw her plea. As the trial court was preparing to sentence defendant, an unidentified person interrupted, stating, "The robbery charge was mine and I admitted to it." Moments later, the unidentified speaker was removed from the courtroom and defendant was sentenced according to her plea agreement.

On February 24, 2014, defendant filed a timely notice of appeal, requesting a certificate of probable cause on the grounds that she was innocent of the charges against her, did not have enough time to consider her plea, and was led to believe that she would be receiving nine years at 50 percent time, rather than nine years at 85 percent time. The trial court denied the certificate of probable cause.

## DISCUSSION

On appeal, defendant contends the trial court abused its discretion in denying her *Marsden* motion because defense counsel coerced her into accepting the plea agreement, thereby creating an irreconcilable conflict such that ineffective representation was likely to result. Defendant also contends that her relationship with defense counsel was irretrievably broken down as a result of defense counsel's alleged coercion, inadequate investigation, and a misrepresentation concerning the terms of the plea agreement. We conclude that defendant's claims lack merit.

At the outset, we reject the People's contention that defendant's appeal must be dismissed because she did not obtain a certificate of probable cause. "A determination that defendant is entitled to substitute counsel has no necessary implication for his no contest plea, which plea stands until a motion to withdraw it is made and granted." (*People v. Vera* (2004) 122 Cal.App.4th 970, 978.) Consequently, defendant "was not

6

required to obtain a certificate of probable cause to challenge the trial court's denial of defendant's postplea *Marsden* motion," even though defendant's complaints pertain to her counsel's preplea conduct. (*Vera*, at p. 978.)

Turning to the merits, we have reviewed the record and find no error. A defendant is entitled to new appointed counsel if the record clearly shows the first appointed attorney is not providing adequate representation or there is such an irreconcilable conflict between defendant and counsel that ineffective representation is likely to result. (*People v. Valdez* (2004) 32 Cal.4th 73, 95.) When a defendant requests substitution of counsel, the trial court must conduct an informal hearing at which the defendant is permitted to explain his or her complaints. (*Id*. at pp. 95-96.) Complaints about the way in which the defendant relates to counsel do not alone show incompetence. (*Id*. at p. 96.) Similarly, mere tactical disagreements between the defendant and counsel do not constitute an irreconcilable conflict. (*Id*. at p. 95.) " 'A defendant does not have the right to present a defense of his own choosing, but merely the right to an adequate and competent defense.' " (*Ibid*.)

We review the denial of a *Marsden* motion for abuse of discretion. (*People v. Jones* (2003) 29 Cal.4th 1229, 1245 (*Jones*); see *People v. Smith* (1993) 6 Cal.4th 684, 695 (*Smith*).) " 'Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would "substantially impair" the defendant's right to assistance of counsel.' [Citations.]" (*People v. Hart* (1999) 20 Cal.4th 546, 603.)

The record shows no abuse of discretion. The trial court thoroughly explored the reasons for defendant's dissatisfaction with appointed counsel, giving her several opportunities to articulate her concerns. When defendant expressed doubts about the adequacy of defense counsel's pretrial investigation, the trial court pressed for details, asking which witnesses should have been interviewed and which avenues of investigation pursued. Defendant was unable to identify any particular respect in which defense

7

counsel failed to investigate the case. Even so, the trial court carefully questioned defense counsel and determined that the investigation was adequate. We have reviewed the record and find nothing that would undermine the trial court's conclusion.

The trial court also carefully considered defendant's claim that she was coerced. Defendant said that she felt coerced into accepting the plea because she was told to "sign it right now, go to court right now, take it right now, or it's off the table." However, defense counsel explained that the prosecution was willing to hold the nine-year offer open only until the date of the trial readiness conference. The trial court was entitled to accept defense counsel's explanation (*Smith*, *supra*, 6 Cal.4th at p. 696) and reasonably concluded that defendant accepted the offer on the last possible date, given the court's schedule and the upcoming trial date.

We find further support for the trial court's conclusion in the fact that defendant contacted defense counsel to accept the offer, and not the other way around. Although defendant may have experienced some pressure to accept the offer, there is nothing in the record to suggest that defense counsel was the source of any such pressure. Furthermore, the record indicates that defendant accepted an offer that was originally discussed before the preliminary hearing, many months earlier. Thus, the record suggests that defendant had adequate time to consider the offer, despite the rush to enter the plea before the trial readiness conference. Accordingly, we find no abuse of discretion in the trial court's conclusion that defendant's plea was not coerced.

Defendant contends the trial court erred in denying her *Marsden* motion in light of her contemplated motion to withdraw her plea. She argues that an irreconcilable conflict of interest existed because "the basis for the motion to withdraw her plea was, in fact, the direct actions of [defense counsel] and whether he had provided effective assistance or unduly coerced her into taking a deal she did not want to accept." We reject defendant's contention for several reasons.

8

First, defendant never filed a motion to withdraw her plea. As a result, there was no need for defense counsel to argue for his own incompetence, and no conflict of interest materialized.

Second, the trial court reasonably rejected the factual premise for defendant's contention that she and defense counsel were embroiled in an irreconcilable conflict of interest. According to defendant, an irreconcilable conflict arose from the fact that defense counsel allegedly coerced her plea and would need to acknowledge the coercion to effectively argue a motion to withdraw the plea. However, the trial court flatly rejected the underlying contention that defense counsel coerced defendant's plea. Under the circumstances, defendant has failed to demonstrate that she was embroiled in an irreconcilable conflict of interest with defense counsel such that ineffective representation was likely to result.

Third, a motion to withdraw a plea does not necessarily require the appointment of substitute counsel. Our Supreme Court has recognized that a defense attorney is placed in an awkward position and "[t]he potential for conflict is obvious" when a defendant claims after trial or a guilty plea that counsel was ineffective. (*Smith*, *supra*, 6 Cal.4th at p. 694.) However, while acknowledging that "it is difficult for counsel to argue his or her own incompetence" (*ibid*.), the Supreme Court has concluded that it is not impossible for counsel to do so (*People v. Sanchez* (2011) 53 Cal.4th 80, 89).[3] Thus, even a motion

---

[3] The Supreme Court has also recognized the undesirable consequences resulting from the appointment of substitute counsel without an adequate showing, for the purpose of arguing that previous counsel was incompetent. In *People v. Makabali* (1993) 14 Cal.App.4th 847, for example, the trial court appointed second counsel to investigate a possible motion to withdraw a guilty plea on the basis of ineffective assistance of counsel. New counsel did not make the motion. On appeal, appointed appellate counsel, defendant's third attorney, claimed that the second was incompetent for not claiming the first was incompetent. Addressing these types of situations, the court in *Smith, supra,* 6 Cal.4th at page 695 stated: "The spectacle of a series of attorneys appointed at public expense whose sole job, or at least a major portion of whose job, is to claim the previous

9

requiring an attorney to argue his or her own incompetence does not automatically require appointment of substitute counsel. Here, the trial court impliedly found that defendant's contemplated motion to withdraw her plea would not give rise to an irreconcilable conflict of interest. We find no abuse of discretion in the trial court's conclusion.

Next, defendant contends that the trial court erred in denying her *Marsden* motion because defense counsel's alleged incompetence resulted in a "breakdown of the attorney-client relationship." Once again, we reject defendant's contention.

Defendant contends her relationship with defense counsel was irretrievably broken down because she no longer trusted him. Defendant did not say anything about a breakdown in her relationship with defense counsel during the *Marsden* hearing. She did not complain at the hearing that she no longer trusted defense counsel or otherwise indicate that the relationship was impaired, much less irretrievably so.

In the absence of any such discussion in the trial court, defendant now contends that she lost trust in defense counsel because he failed to adequately investigate her case, coerced her plea, and misrepresented the terms of her plea agreement. As discussed, the trial court reasonably rejected defendant's contention that defense counsel failed to investigate her case and coerced defendant's plea. The trial court also rejected defendant's contention that defense counsel misrepresented the terms of the plea agreement. We have reviewed the record and conclude that the trial court's determination that defense counsel did not misrepresent the terms of the plea agreement was supported by substantial evidence.

During the *Marsden* hearing, defendant suggested that defense counsel led her to believe she would be sentenced to nine years at 50 percent time. Defense counsel

_____

attorney was, or previous attorneys were, incompetent discredits the legal profession and judicial system, often with little benefit in protecting a defendant's legitimate interests."

10

responded that while the parties discussed the possibility that defendant might be sentenced to nine years at 50 percent time, they ultimately agreed to nine years at 85 percent time. There is nothing in the record to suggest that defense counsel misrepresented the terms of the plea agreement. To the contrary, the plea agreement clearly stated that defendant's "Aggregate Maximum Time of Imprisonment" would be "9 (@ 85%)." Defendant signed the plea form, acknowledging that she understood she would be sentenced to nine years at 85 percent time. The trial court conducted an adequate inquiry into the basis for defendant's contention that defense counsel misrepresented the terms of the plea agreement and reasonably rejected the claim. We perceive no abuse of discretion.

Furthermore, there was no abuse of discretion in the trial court's implied finding that defendant's loss of confidence in defense counsel did not necessitate the appointment of substitute counsel. "Defendant's mere allegation that he did not trust his defense attorney, without more, was insufficient to compel the trial court to replace him. 'If a defendant's claimed lack of trust in, or inability to get along with, an appointed attorney were sufficient to compel appointment of substitute counsel, defendants effectively would have a veto power over any appointment, and by a process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law.' [Citation.]" (*People v. Abilez* (2007) 41 Cal.4th 472, 489.)

The trial court gave defendant an opportunity to explain the reasons for each of these complaints and permitted counsel to respond. Defense counsel had adequate explanations for each grievance, and " '[t]o the extent there was a credibility question between defendant and counsel at the hearing, the court was "entitled to accept counsel's explanation." [Citation.]' [Citation.]" (*Jones*, *supra*, 29 Cal.4th at pp. 1245-1246.) Accordingly, we conclude the trial court conducted an adequate *Marsden* hearing and did not abuse its discretion in denying the motion.

11

**DISPOSITION**

  The judgment is affirmed.


                           _____RAYE_____, P. J.


We concur:


_____BLEASE_____, J.


_____BUTZ_____, J.