[No. H000682. Sixth Dist. Mar. 26, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY BROWN, Defendant and Appellant.

COUNSEL

J. Courtney Shevelson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Kristofer Jorstad and Robert E. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**AGLIANO, Acting P. J.**—In this appeal defendant contends he was denied the assistance of counsel in his attempt to withdraw a previously entered plea of nolo contendere.[1]

We find defendant's contention to have merit and remand for further proceedings including proper consideration of defendant's motion to withdraw his plea.

### Factual Background

On March 7, 1985, defendant entered pleas of nolo contendere to counts I and VI of an information, each charging a violation of Penal Code section 288, subdivision (b) in that defendant committed lewd and lascivious acts

---

[1]We set aside an earlier dismissal of this appeal to provide defendant an opportunity to apply for a certificate of probable cause. A certificate of probable cause has now been filed and the appeal is thus operative. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d).)

upon a child under the age of 14 years with the use of force, etc. As to count VI, defendant further admitted he occupied a position of special trust to the victim (his daughter) within the meaning of Penal Code section 1203.066.

Defendant was at all times represented by the public defender and it clearly appears the pleas were entered pursuant to agreement with the district attorney and with the approval of the court (Pen. Code, § 1192.5) specifying a prison term of eight years as to each count, the terms to be served consecutively. Four additional counts of violation of Penal Code section 288, subdivision (b), and two counts of violation of Penal Code section 288, subdivision (a), were dismissed in consideration of defendant's pleas of nolo contendere and his admission of the section 1203.066 allegation of special trust.

The issue before this court arose on April 8, 1985, when defendant appeared for sentencing, and the following discussion ensued:

"Ms. DiPietro: Your Honor, I believe my client wanted to address the court also. He had a motion he wanted to make for the court in regard to this case, which, I believe, the court already has notice of in the probation officer's report. He has told me that he wanted to withdraw his plea in the case. I am not making that motion on his behalf. I don't believe there is any legal basis at this time for him to move the court to withdraw his plea. And so I am not making that motion to the court. [¶] However, I believe he wants to address the court to indicate to the court that that is what he would like to do.

"The Court: Very well. Mr. Brown you may speak.

"The Defendant: Your Honor, you said something to me last time I was here that been [*sic*] driving me totally mad. I appreciate it if I could take this to a jury trial, and because I never ever have put myself in a position like this to, as you said, a father and daughter relationship has been violated, and that is not so. And I—if I take it to a jury trial, I am sure that the truth will come out. [¶] I just ask if you would please allow me to withdraw that plea. That it was—I was—wasn't in the right frame of mind at the time it was put upon me to do so. That, any way possible could I please withdraw that?

"The Court: If I say so.

"The Defendant: Yes, sir.

"The Court: All right. I have heard you. You have anything to say?

"Ms. McCoy: No, sir. Submitted.

"The Court: I am sorry?

"Ms. McCoy: It is submitted.

"The Court: Submitted.

"Ms. McCoy: The motion is opposed and submitted.

"The Court: Right, right. I'm—and at this moment your in a sense [sic], you already said your piece.

"Ms. DiPietro: I have, your honor. It is not my motion. It is not my motion and I am still representing Mr. Brown.

"The Court: Well, there is no hiatis [sic] of representation, as far as the court is concerned. Miss DiPietro is your lawyer, Mr. Brown, she is present, she is aware of what is going on. And the court doesn't address your motion with anything she has said in mind. You raised your hand, do you want to say something else?

"The Defendant: Yes, sir.

"The Court: What?

"The Defendant: Okay, if it possible she [sic] want to do this for me, could I get another lawyer to represent me, so that the truth will be known instead of going through the proceedings as is now?

"The Court: Mr. Brown—

"The Defendant: Yes, sir.

"The Court: The court sees no basis to relieve Miss DiPietro as your attorney at this time. The court has heard you. What you have said, is just as good as any lawyer could say for you, for it is not a matter that is required by law that I either grant or deny your motion. The only way I could grant it would be to exercise some possible discretion. [¶] I am satisfied that I thoroughly instructed you. I clearly and unequivocally told you what was happening on the date the pleas were entered. [¶] I note, for the record, that you were emotional at the time, but it did not, in any way, in the court's

determination interfere with your understanding and your ability to understand. And the court saw nothing occur that would, in any way, require a setting aside of the pleas entered. I am sorry that you have remorse over what you did.

"The Defendant: Excuse me. May I—

"The Court: But I will let you interrupt me one last time, Mr. Brown. What is it? And then, when you say this time, don't speak again until I call upon you. [¶] What is it?

"The Defendant: Your honor, at that time it was a death that had me shook up, and Miss DiPietro, my lawyer, was constantly over and over she didn't know how to go about this case the right way. She said my best interest. But my best interest is for the truth to come out, sir.

"The Court: Now, did you hear what I told you a moment ago?

"The Defendant: Yes, sir.

"The Court: Your motion is denied."

We distill from the above exchange the following operative facts: Defendant desired to withdraw his plea but his attorney refused to make such motion on defendant's behalf apparently believing there was no legal basis for it. Although he was granted permission to "speak," defendant did not represent himself. As the trial court found, there was "no hiat[u]s in representation." The court summarily denied defendant's request for substitute counsel and denied his "motion" to withdraw the plea.

We conclude, in light of controlling authority, that the defendant was deprived of his right to make an effective motion to withdraw his plea of nolo contendere.

Penal Code section 1018 provides in pertinent part: "Unless otherwise provided by law every plea must be entered or withdrawn by the defendant himself in open court. . . . On application of the defendant at any time before judgment the court may, . . . for a good cause shown, permit the plea of guilty [or nolo contendere] to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

As stated in *People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]: "Mistake, ignorance or any other factor

overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence. [Citations.]"

■ It was defendant's right to be represented by counsel at all stages of the proceedings. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792]; *People* v. *Mattson* (1959) 51 Cal.2d 777, 788 [336 P.2d 937].) The right naturally extended to the motion to withdraw the plea. ■ While defendant generally had the right to discharge his attorney and represent himself (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]), it is clear he did not elect that course. Waiver of the right to counsel will not be presumed from a silent record. (*People* v. *Paradise* (1980) 108 Cal.App.3d 364, 368 [166 Cal.Rptr. 484].) ■ Nor can defendant be deemed to have sought and received permission to participate in the conduct of the case. The trial court may permit such participation by a defendant but "should not permit a litigant both to have counsel and to actively participate in the conduct of the case (as by conducting examination of witnesses, interposing objections, arguing points of law or of fact, addressing the jury, etc.) unless the court on a substantial showing determines that in the circumstances of the case the cause of justice will thereby be served and that the orderly and expeditious conduct of the court's business will not thereby be substantially hindered, hampered or delayed." (*People* v. *Mattson, supra,* 51 Cal.2d 777, 797.) No such showing was made here. In any event, the court's granting defendant mere permission to "speak" did not purport to confer on him status as cocounsel.

■ It is settled that the attorney of record has the exclusive right to appear in court for his or her client and to control the court proceedings, so that neither the party himself nor another attorney can be recognized by the court in the conduct or disposition of the case. (*People* v. *Merkouris* (1956) 46 Cal.2d 540, 554-555 [297 P.2d 999].) The defendant in *Merkouris* was permitted, over his attorney's implied objection, to personally withdraw a previously entered plea of not guilty by reason of insanity. (*Id.,* at pp. 552, 553.) The Supreme Court held the trial court erred in permitting defendant personally to withdraw the plea. (*Id.,* at p. 555.)

Defendant here had counsel of record and, he, himself, had not been accorded status as cocounsel. The trial court observed there was no hiatus in representation. Further, defendant requested new counsel when confronted with his attorney's refusal to represent defendant in his motion to withdraw the plea.

■ It was improper to permit defendant to bring his motion in pro. per. while he was still represented by counsel and he had not waived his

right to counsel. (*People* v. *McCary* (1985) 166 Cal.App.3d 1, 11, fn. 8 [212 Cal.Rptr. 114].) Defendant's counsel doubtless believed it was not in defendant's interest to withdraw his plea. ■ Although, as previously stated, an attorney representing a criminal defendant has the power to control the court proceedings (*People* v. *Floyd* (1970) 1 Cal.3d 694, 704 [83 Cal.Rptr. 608, 464 P.2d 64]; *People* v. *Merkouris, supra,* 46 Cal.2d 540, 554-555), that power may not be exercised to deprive a defendant of certain fundamental rights. (*People* v. *Robles* (1970) 2 Cal.3d 205, 214-215 [85 Cal.Rptr. 166, 466 P.2d 710] [the right of defendant to testify]; *People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583] [right to trial by jury]; *People* v. *Gauze* (1975) 15 Cal.3d 709, 717 [125 Cal.Rptr. 773, 542 P.2d 1365] [right of competent defendant to refuse to enter insanity plea]; *People* v. *Frierson* (1985) 39 Cal.3d 803 [218 Cal.Rptr. 73, 705 P.2d 396] [right of defendant to present a defense at the guilt phase, rather than the penalty phase of a special circumstance murder trial].)

■ We view the decision to seek withdrawal of a plea of guilty, just as the decision to enter such plea, as one which the defendant is entitled to make. (See *People* v. *Rogers* (1961) 56 Cal.2d 301, 305 [14 Cal.Rptr. 660, 363 P.2d 892]; *Brookhart* v. *Janis* (1966) 384 U.S. 1 [16 L.Ed.2d 314, 86 S.Ct. 1245]; *People* v. *Wheeler* (1968) 260 Cal.App.2d 522 [67 Cal.Rptr. 246].) The defendant's attorney may, and when appropriate, should advise against the decision, but the defendant should have the final word on whether to seek withdrawal.

■ Defendant was entitled to have the motion presented to the court by his attorney of record. We understand the resultant intrusion on counsel's judgment in requiring her to yield to defendant's decision but as the Supreme Court noted in *People* v. *Frierson, supra,* 39 Cal.3d 803, 816-817: "Such impingement on defense counsel's actions, however, results any time a defendant chooses to exercise a personal right—such as the right to testify or the right to trial by jury—over counsel's contrary advice. Numerous decisions explain that, in such a situation, the attorney's obligation is simply to provide the best representation that he can *under the circumstances.* (See, e.g., *Robles, supra,* 2 Cal.3d at p. 215; *People* v. *McKenzie* (1983) 34 Cal.3d 616, 631 . . . .) [Fn. omitted.] ■ Further, the authorities also establish that when a defendant insists on a course of action despite his counsel's contrary warning and advice, he may not later complain that his counsel provided ineffective assistance by complying with his wishes. (See, e.g., *People* v. *Haskett* (1982) 30 Cal.3d 841, 852-853 . . .; *People* v. *Gauze, supra,* 15 Cal.3d 709, 718; *Faretta* v. *California, supra,* 422 U.S. 806, 834-835, fn. 46 . . .; cf. *People* v. *Mozingo* (1983) 34 Cal.3d 926, 934 . . . [defendant's hostility to presentation of 'mental defenses' did not relieve counsel of obligation *to investigate* such defenses so as to enable

him to make an informed recommendation to defendant].)'' (Italics in original.)

As stated in an analogous circumstance in *People* v. *Robles, supra,* 2 Cal.3d at page 215:  ▉  ''Requiring an attorney against his better judgment to examine his client places no unfair burden on the attorney; an attorney is always faced with the burden of developing his trial strategy in the light of what evidence is available and presented in court. Nor is a defendant ordinarily prejudiced when he is represented by an attorney who believes, contrary to the defendant, that the latter should not testify. On the other hand, in a few cases the disagreement as to whether a defendant should testify may signal a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.''

▉  We do not suggest that counsel is compelled to make a motion which, in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards. (*Nix* v. *Whiteside* (1986) 475 U.S. — [89 L.Ed.2d 123, 106 S.Ct. 988].) Such a state of affairs, however, is not before us in this case and we do not purport to state a rule in anticipation thereof. (See *People* v. *Frierson, supra,* 39 Cal.3d at p. 815, fn. 3, p. 817, fn. 6.)

▉  It is again noted defendant did request the appointment of substitute counsel when his attorney declined to represent him in the motion to withdraw his plea. Should counsel's refusal persist upon remand, the trial court should hold a hearing, attempt to determine the basis of the conflict and decide, in its discretion, whether substitute counsel should be appointed to represent the defendant. (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].) *People* v. *Hill* (1983) 148 Cal.App.3d 744, 753 [196 Cal.Rptr. 382], explains: ''*Marsden* itself and virtually every other decision sustaining a claim of *Marsden* error emphasize that a judge cannot base his disposition of a request for substitution of counsel on his or her own confidence in the current attorney and observations of that attorney's previous demonstrations of courtroom skill. [Citations.] Instead, the court must inquire on the record into the bases of defendant's complaints and afford him an opportunity to relate specific instances of his attorney's asserted inadequacy. [Citations.] Depending on the nature of the grievances related by defendant, it may be necessary for the court also to question his attorney. [Citations.]''

Judgment is set aside for the limited purpose of permitting defendant to make a motion to withdraw his pleas of nolo contendere in a manner con-

sistent with the views expressed in this opinion. If the motion is denied the judgment may, of course, be reentered.

Brauer, J., and Chang, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.