Filed 1/27/14  P. v. McCovellen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TERRIL S. MCCOVELLEN, <br><br> Defendant and Appellant. | D062719 <br><br><br> (Super. Ct. No. SCD241417) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura Halgren, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

At the defendant's request, prior to sentencing him, the trial court in this case

conducted a *Marsden*[1] hearing at which the defendant asked that new counsel be appointed for the purpose of filing a motion to withdraw his earlier plea. At the hearing, the trial court examined defendant and his counsel with respect to counsel's representation and the basis for a motion to withdraw. Based on what it learned from the defendant and his counsel, the trial court determined that the defendant had been adequately represented and that there was no basis upon which a motion to withdraw the plea could be made.

The trial court's determinations are fully supported by the record. Accordingly, we affirm the judgment of conviction.

FACTUAL AND PROCEDURAL BACKGROUND

The defendant and appellant in this case, Terril S. McCovellen,[2] was at all material times a felon. On November 25, 2011, he was apprehended at the home of a known gang member in possession of a stolen firearm, a magazine and ammunition.

On December 9, 2011, while McCovellen was in custody, law enforcement personnel recovered an ammunition magazine from another location and ordered that DNA testing be performed on it.

On June 18, 2012, the district attorney filed a complaint with respect to McCovellen's November 25, 2011 firearm possession. Shortly thereafter, in the course of

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118, 123 (*Marsden*).

[2]     Defendant was charged as Terril S. McCo**u**ellen. During the course of proceedings in the trial court, he stated that his name is Terril S. McCo**v**ellen, and the abstract of judgment also identifies him as Terril S. McCovellen.

negotiating a plea with defense counsel, the prosecutor informed defense counsel that McCovellen's DNA had been found on a second magazine recovered in a separate incident. The prosecutor agreed that, as part of a plea bargain with McCovellen, the district attorney would not charge him with possession of the second magazine. The prosecutor agreed to provide defense counsel with the DNA report on the second magazine.

On July 12, 2012, McCovellen pled guilty to one count of being a felon in possession of a firearm and admitted both a gang enhancement and a prior strike. In exchange, the district attorney agreed to a four-year prison commitment instead of a 10-year prison maximum exposure. The district attorney also agreed to: dismiss an allegation that, at the time of his November 25, 2011 arrest, McCovellen gave officers false information about his identity; strike the gang enhancement punishment; and not file a new charge with respect to McCovellen's possession of the second gun magazine. The trial court accepted the plea.

On August 1, 2012, as promised, the prosecutor sent defense counsel the DNA report on the second magazine. The report showed McCovellen's DNA had been found on the second magazine; the report also indicated the magazine had been recovered on December 9, 2011, while McCovellen was in custody.

On August 7, 2012, defense counsel brought the report to McCovellen while he was in custody.

The trial court conducted a sentencing hearing on August 9, 2012. At the

3

sentencing hearing, McCovellen asked to make a *Marsden* motion. In response, the trial court conducted a *Marsden* hearing at which McCovellen stated he wanted new counsel to make a motion to withdraw his plea. According to McCovellen, his counsel had been ineffective because she had only provided him with discovery on August 7, 2012, shortly before the sentencing hearing. In response, defense counsel explained that what she had recently provided McCovellen was the DNA report she had received from the prosecutor, which showed McCovellen's DNA was on the second magazine. McCovellen then questioned how his DNA could have been discovered on the second magazine when he was incarcerated at the time it was seized by law enforcement officials and asserted that he believed he had been improperly pressured to take the plea bargain offered by the prosecutor.

The trial court denied McCovellen's *Marsden* motion. The trial court found there was no basis upon which a motion to withdraw McCovellen's plea could be made; in particular, the trial court found that his counsel had been effective in representing him and that the fact that the DNA report showed that the second magazine had been recovered while he was incarcerated did not diminish it as evidence that he been in possession of the magazine.

The trial court then sentenced McCovellen to four years in prison. McCovellen filed a timely notice of appeal.

DISCUSSION

McCovellen contends the trial court erred in denying his *Marsden* motion. In

4

particular, McCovellen contends that, in ruling on his motion for new counsel, the trial court should not have considered the merits of his contention that his counsel had been ineffective in failing to provide him with the DNA report in a more timely manner. We find no abuse of discretion.

I

The principles governing a *Marsden* motion made on the grounds counsel was ineffective in providing assistance with respect to a plea were fully considered by the court in *People v. Smith* (1993) 6 Cal.4th 684, 690-697 (*Smith*). In recapitulating a defendant's rights to new counsel, the court stated:

"The seminal case regarding the appointment of substitute counsel is *Marsden*, *supra*, 2 Cal.3d 118, which gave birth to the term of art, a '*Marsden* motion.' We there held that 'the decision whether to permit a defendant to discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney.' (*Id*. at p. 123.)

"We also established in *Marsden* that the trial court must give the defendant the opportunity to explain the reasons for desiring a new attorney. (*Marsden*, *supra*, 2 Cal.3d at pp. 123-125.) '[T]he trial court cannot thoughtfully exercise its discretion in this matter without listening to [the defendant's] reasons for requesting a change of attorneys.' (*Id*. at p. 123.) Accordingly, 'When a defendant moves for substitution of appointed counsel, the court must consider any specific examples of counsel's inadequate

5

representation that the defendant wishes to enumerate. Thereafter, substitution is a matter of judicial discretion. Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would "substantially impair" the defendant's right to assistance of counsel. [Citations.]' [Citation.]" (*Smith*, *supra*, 6 Cal.4th at pp. 690-691.)

The focus of a *Marsden* motion is on the representation the defendant has been provided: "It is the very nature of a *Marsden* motion, at *whatever* stage it is made, that the trial court must determine whether counsel has been providing competent representation. Whenever the motion is made, the inquiry is forward-looking in the sense that counsel would be substituted in order to provide effective assistance in the *future*. But the decision must always be based on what has happened in the *past*." (*Smith*, *supra*, 6 Cal.4th at p. 695.)

Like McCovellen, the defendant in *Smith* entered a plea and then asked to have new counsel appointed for the purpose of making a motion to withdraw his plea on the grounds his trial counsel had not been effective in representing him prior to and at the time of the plea. The trial court, after listening to the defendant's complaints about counsel and counsel's explanation, denied the motion for new counsel. On appeal, the Court of Appeal reversed, holding new counsel should be appointed if the trial court determined on remand that the defendant had a "colorable" claim of ineffective assistance of counsel. The Court of Appeal reasoned that a defendant's burden in making a posttrial *Marsden* motion based on conduct that did not occur at trial is not as high as when a

6

*Marsden* motion is based on conduct that did occur at trial or had an impact on the trial. (*Smith*, *supra*, 6 Cal.4th at p. 691.)  On review, the Supreme Court disagreed and reversed the judgment of the Court of Appeal.  (*Id.* at p. 697.)  The Supreme Court found that a defendant's burden under *Marsden* is the same at all stages of a criminal proceeding:  "[T]he trial court should appoint substitute counsel when a proper showing has been made at any stage.  A defendant is entitled to competent representation at all times, including presentation of a new trial motion or motion to withdraw a plea. . . .  In those cases in which counsel *was* ineffective, this is best determined early.  Thus, when a defendant satisfies the trial court that adequate grounds exist, substitute counsel should be appointed.  Substitute counsel could then investigate a possible motion to withdraw the plea or a motion for new trial based upon alleged ineffective assistance of counsel.  Whether, after such appointment, any particular motion should actually be made will, of course, be determined by the new attorney.

"*We stress equally, however, that new counsel should not be appointed without a proper showing.  A series of attorneys presenting groundless claims of incompetence at public expense, often causing delays to allow substitute counsel to become acquainted with the case, benefits no one.  The court should deny a request for new counsel at any stage unless it is satisfied that the defendant has made the required showing.  This lies within the exercise of the trial court's discretion, which will not be overturned on appeal absent a clear abuse of that discretion*.  [Italics added.]

"We thus hold that substitute counsel should be appointed when, and only when,

necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation] . . . ." (*Smith*, *supra*, 6 Cal.4th at pp. 695-696.)

In *Smith*, the court went on to determine that the trial court did not abuse its discretion in denying the defendant's *Marsden* motion. (*Smith*, *supra*, 6 Cal.4th at p. 696.)

## II

Under *Smith*, the trial court here plainly had the right, indeed the duty, to determine whether counsel had adequately represented McCovellen at the time his plea was negotiated. As *Smith* makes clear, where the reasons stated by a defendant at a *Marsden* hearing do not, in light of any explanation offered by counsel, show any inadequacy of counsel or irreconcilable differences, a *Marsden* motion should be denied. (*Smith*, *supra*, 6 Cal.4th at p. 696.)

Here, the record the fully supports the trial court's determination that counsel's representation was adequate and, in particular, the trial court's ultimate conclusion that there was no basis upon which a motion to withdraw could be made. In this regard, we agree with the trial court that the fact that the second magazine was recovered while McCovellen was incarcerated did not undermine the relevance of the DNA results obtained by the prosecutor. Thus, like the trial court, we conclude there was no basis upon which a motion to withdraw McCovellen's plea could be granted.

This case is readily distinguishable from *People v. Brown* (1986) 179 Cal.App.3d 207, 216, where the trial court failed to conduct the hearing required under *Marsden* and the judgment was set aside for the limited purpose of conducting such a hearing.  Here, the record shows that the trial court conducted a *Marsden* hearing at which it both permitted McCovellen to fully state his reasons for requesting new counsel and examined counsel with respect to her representation of McCovellen.  *People v. Brown* requires no more than that.

## DISPOSITION

The judgment of conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.