Filed 9/18/14  P. v. Walker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OTIS CONWELL WALKER,<br><br>    Defendant and Appellant. | D064418<br><br><br><br>(Super. Ct. No. SCE329094) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Otis Conwell Walker entered a guilty plea to one count of grand theft (Pen. Code,[1] § 487, subd. (c)) as a lesser offense of a charged robbery as part of a plea agreement. In return for his plea the remaining count and alleged prior convictions were dismissed.

On the date set for sentencing, Walker requested a "*Marsden*"[2] hearing to request replacement of appointed counsel and also made a request to withdraw his guilty plea. The court conducted an in camera hearing and denied both the *Marsden* motion and the request to withdraw the guilty plea. The court sentenced Walker to the low term of 16 months in local custody pursuant to the negotiated sentence.

Walker filed a timely notice of appeal and obtained a certificate of probable cause. (§ 1237.5.)

Walker essentially contends he should have been allowed to withdraw his guilty plea, that the trial court erred in denying his *Marsden* motion and that he was denied his Sixth Amendment right to counsel because counsel did not assist him in making his request to withdraw the guilty plea. We find each of his arguments to be without merit and affirm the judgment.

STATEMENT OF FACTS

Since this appeal arises from a guilty plea and does not challenge the sufficiency of the evidence we will only include a brief summary of the facts from the transcript of the preliminary hearing in order to provide context for the discussion that follows.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

On April 10, 2013, Walker approached a man on a street corner in El Cajon. Walker asked the man for a cigarette, but the man did not have one. Walker then asked for 50 cents. The man responded that he did not have any money. Walker then yelled at the man and said, "then get off my street." Walker followed the man across the street and the man then used his phone to call 911.

Walker grabbed the phone from the victim and struck him in the face. When police arrived they searched Walker and found the victim's phone in his possession. Walker admitted the phone was not his.

DISCUSSION

Although appellate counsel divides the arguments into three parts, at base Walker contends his counsel was ineffective and that the court should have at least allowed him to withdraw his guilty plea and perhaps appointed new counsel. There are three factual assertions that underlie all of Walker's contentions. First, he contends he did not know that intention to steal was an element of robbery or theft and if he had known that he would not have entered a guilty plea. Second, Walker contends counsel told him he could withdraw his guilty plea if any new facts were discovered. Finally, he contended in the trial court that the offense took place outside a Harbor Freight store and there must have been a surveillance video. He asserted counsel had failed to investigate and obtain the video which would have corroborated Walker's version of the events.

Appellate counsel proceeds as if the "facts" described above were proven true. Actually, they were not proven. Indeed, as we will discuss, all of Walker's contentions were refuted by trial counsel during the *Marsden* hearing. Also, the trial court found

3

Walker's assertions to be inconsistent with his testimony under oath at the time of his guilty plea and that Walker's claims were simply "buyer's remorse." It is clear from the record the trial court did not believe Walker's factual assertions. As we will discuss, the trial court's implied findings of fact are supported by the record.

## A. Alleged Denial of the Right to Counsel

During the hearing on the *Marsden* motion, Walker argued he should be allowed to set aside his guilty plea, based on the factual assertions we have outlined above. Counsel did not argue for such result and indeed stated that the negotiated plea and sentence were in Walker's best interest. Walker now contends he was denied the right to counsel, an argument we find wholly without merit.

Undoubtedly Walker had the right to counsel during the postplea proceedings, including motions to withdraw guilty pleas. (*People v. Brown* (1986) 179 Cal.App.3d 207, 214-215 (*Brown*); *Lafler v. Cooper* (2012) ___ U.S. ___, 132 S.Ct. 1376, 1384.) It is also without question that Walker was represented by counsel at every stage of the proceedings in this case. As best we understand Walker's position, it appears that since he argued his personal request to withdraw his guilty plea during the *Marsden* hearing and since counsel did not join in the "motion," he was denied the right to counsel.

The *Brown* case, cited by Walker undermines his contention. As the court there concluded, while a defendant has the right to assistance of counsel at a motion to withdraw a guilty plea, counsel is not required to make groundless or frivolous motions. (*Brown, supra*, 179 Cal.App.3d at p. 216.) Viewing this issue in the context of the "motion" to withdraw, counsel had no duty to argue for withdrawal of the guilty plea.

4

As we have noted the motion was to replace counsel pursuant to *Marsden, supra,* 2 Cal.3d 118. During that hearing, Walker made a number of allegations of failures by defense counsel that he claimed justified both replacement of counsel and withdrawing his guilty plea. As the record demonstrates, counsel refuted each of the alleged facts. Counsel specifically asserted he had advised Walker of the elements of the offense, had conducted an investigation in search of surveillance videos, which were nonexistent, and that he did not tell Walker that he could withdraw his guilty plea as Walker alleged. Thus, it is hard to understand how counsel could have ethically brought a motion to withdraw the guilty plea on the basis of assertions that counsel knew were not true. In short, Walker was adequately represented by counsel and was not denied his Sixth Amendment right to counsel.

## B. Denial of the *Marsden* Motion

When Walker advised the court he wished to replace appointed counsel, the court properly followed the *Marsden* procedure. The court closed the proceedings and sealed the transcript. The court also reviewed a letter that Walker had submitted outlining his assertions regarding counsel and the guilty plea. The court allowed Walker to fully express his concerns and allowed defense counsel to respond. The court reviewed Walker's issues with him and discussed Walker's statements at the time of his guilty plea. Thus it is clear the court fully complied with the *Marsden* procedure.

Where the court had fully examined the issues underlying a defendant's request to replace counsel, the ultimate decision on the request is reviewed under the abuse of discretion standard. (*People v. Streeter* (2012) 54 Cal.4th 205, 230.) We will not

5

overturn the trial court's exercise of discretion unless the record demonstrates a clear showing of abuse. The question identified in *Streeter*, *supra,* at page 230, is whether denial of the request would "substantially impair" the defendant's right to the assistance of counsel.

Here, there is no showing of an abuse of discretion. The request to replace counsel was based on assertions that had no basis in fact. The trial court was not required to believe Walker, and it is clear the court did not believe him. Counsel had investigated possible defenses and searched in vain for a video that did not exist. Counsel negotiated a deal, which even Walker noted was very beneficial to him. Counsel told the court he had advised Walker of the elements of the offense and all of the defenses, and the court obviously believed him. Finally, counsel denied telling Walker he could withdraw his plea, as Walker had claimed. There is simply no evidence that Walker's right to effective assistance of counsel was "impaired." Walker's contentions otherwise are unsupported by the record.

### C.  Denial of the "Motion" to Withdraw the Guilty Plea

Section 1018 provides:

> "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him or her of the right to counsel and unless the court shall find that the defendant

6

understands the right to counsel and freely waives it, and then only if the defendant has expressly stated in open court, to the court, that he or she does not wish to be represented by counsel. On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice."

A defendant can be permitted to withdraw a guilty plea where there has been a showing of "good cause." (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1142.) Good cause includes mistake, ignorance or anything that overcomes the defendant's free will. Good cause must be shown by clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) The trial court, however, is not bound to accept the defense assertions, even if uncontradicted, and is certainly not required to accept contentions which are refuted. (*People v. Knight* (1951) 106 Cal.App.2d 312, 315.) We review the trial court's denial of a motion to withdraw a guilty plea under the abuse of discretion standard. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Our principal difficulty with Walker's arguments is that they proceed from the premise that Walker's version of the events is true. However, as we have demonstrated, the trial court, for good reason, has rejected all of his factual assertions. At the close of the *Marsden* hearing defense counsel summarized his position:

> "[Defense Counsel]: I wanted both Mr. Walker and the court to know that my investigator, well prior to the entry of the plea, investigated all likely stories, including the Harbor Freight that Mr. Walker has indicated here, to see if there was any evidence of

7

videotapes existing.  None were located.  I've also spoke with Mr.
Walker both at George Bailey [the county jail], and here, and
numerous times on the telephone.  We did go over both the intent for
robbery, as well as grand theft, as well as legal defenses."

Without belaboring the issue further, we are satisfied that Walker has not supplied

any credible evidence to support his contentions, let alone establish good cause by clear

and convincing evidence.  Accordingly we will reject his challenge to his guilty plea.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


AARON, J.


8