Filed 11/20/15  P. v. Jones CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067589 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD259105) |
| GUY JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Devin Burstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

Guy Jones entered a guilty plea to one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)). He also admitted he personally used a deadly weapon during the offense (§ 1192.7, subd. (c)(23)).

As part of the plea agreement, the parties agreed that Jones would be released pending sentencing and that if he appeared for sentencing and if he was not arrested for any new offense, the court would impose a time-served sentence.

By the time the sentencing hearing had taken place, Jones had been arrested for a new offense. Jones brought a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to replace appointed counsel. After an in camera hearing the court denied the motion.

Jones was sentenced to the midterm of three years in prison.

During the *Marsden* hearing, defense counsel advised the court that Jones had wanted counsel to file a motion to withdraw the plea based upon duress and that counsel had declined to do so as there was no basis for such claim. There was no further discussion of plea withdrawal in the case.

Jones filed a timely notice of appeal. The court granted a certificate of probable cause based on the assertion that defense counsel refused to file an appropriate motion to withdraw the plea.

Jones contends defense counsel was ineffective for failing to file a motion to withdraw the guilty plea. He contends such motion would not have been frivolous, and

_____

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

therefore counsel had a duty to file it. He contends failure to file the motion deprived him of effective assistance of counsel. Jones requests us to vacate the judgment and remand the case to the trial court to hold a hearing to determine if he should be allowed to withdraw his plea.

The change of plea process in this case was extremely detailed and the court carefully advised Jones of his rights and the consequences of his plea. The court conducted a lengthy *Marsden* hearing, which is not challenged here. Based on our review of the record, we are satisfied counsel provided effective assistance and that counsel could reasonably conclude there was absolutely no basis for a motion to withdraw the guilty plea. Failure to file a frivolous motion is not ineffective assistance.

## STATEMENT OF FACTS

The facts of the offense are not significant in resolving this appeal. The charge arose out of a confrontation between Jones and a homeless woman. At some point she threw a stick at him. After that he beat her a number of times with a three or four foot metal shower curtain rod.

## DISCUSSION

Jones contends he was denied effective assistance of counsel because his attorney refused to file a motion to withdraw his guilty plea. Jones argues, without identifying any significant issues which would justify such a motion, that defense counsel had an absolute duty to file the motion and that failure to do so deprived him of his Sixth Amendment right to effective assistance of counsel.

Before we discuss the law and the merits of the appellate issue, we will discuss the background events leading up to the event which serves as the basis of this appeal.

## A. Background

At a pretrial settlement conference a judge indicated that if Jones pleaded guilty, the court would impose probation with no further custody. Jones decided he wanted to accept the plea, notwithstanding defense counsel's objection. As the change of plea form was being filled out, the prosecutor overheard Jones complaining he was not guilty and that as an African-American he could not receive a fair trial. The prosecutor and defense counsel objected to the plea. Defense counsel said:

> "Your Honor, I believe Mr. Jones is pleading guilty just so he can get out today. From my understanding of the facts, as I see them, I think that Mr. Jones acted in self-defense. I believe he should try the case to see what a jury has to say about that.
>
> "I certainly don't believe that even if he were guilty that his actions on that merit a strike conviction.
>
> [¶] . . . [¶]
>
> "I guess my personal feeling is I believe that Mr. Jones has had a tough time in custody and wants to get out. I believe that may be driving his acceptance of the plea. But . . . a second thing also is that even though Mr. Jones believes he's innocent, he understands he could be convicted. I think he's worried of the potential consequences of being convicted at trial. . . . I think he's also rationally weighing what could happen to him and is worried that a much more severe sentence could happen if he were to be found guilty at trial."

The court observed it believed Jones was pleading guilty to get out of custody. The court declined to take the plea because Jones contended he was not guilty. Jones offered to retract his statement that he was not guilty. The court still declined to take the plea and

4

put the case over to the following week. Jones became outraged, and verbally abusive. Ultimately he was removed from the courtroom. The court continued with the in limine motions as the trial was set to start the following week.

The following week, Jones again offered to plead guilty with an agreement that he would be placed on probation with credit for time served, and would admit the personal use of a deadly weapon which would make this conviction a "strike." The court conducted a lengthy examination of Jones and very carefully explained his rights and the consequences of his plea. Jones repeatedly stated he understood the advice he was receiving. Jones admitted he struck the victim with a metal pole and pleaded guilty. Jones was released from custody pending sentencing. He was advised pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5, that if he failed to appear for sentencing or if he was again arrested before sentencing, the plea would stand but any limitation on sentence would no longer apply. Jones again stated he understood.

Prior to sentencing, Jones was again arrested. At the sentencing hearing, Jones made a motion to replace trial counsel. It was during the *Marsden* hearing that Jones again proclaimed his innocence. The court asked if Jones had lied to the court during the change of plea as to whether he was guilty of the offense. Jones responded he had not lied, but that he had been under duress because of his alleged HIV positive status and his mother's long term cancer diagnosis.

During the *Marsden* hearing defense counsel discussed a number of issues about his representation of Jones, including Jones's current view that he should withdraw his plea. Counsel said in part: "One of the things he did indicate to me is that he thought

5

that all this duress, his illnesses and everything, led him to think not clearly and led him to plead guilty. And he wanted me to file a motion on that. And I indicated to him that from my experience with him and my conversations with him, I did not think that was the case. I did not think that he was not acting--that he was out of his mind and not thinking clearly at the time he made the decision. I thought he made a poor choice. But I did not think that he was not--that it was not something that he did fully conscious."

At the conclusion of the *Marsden* hearing the court denied the motion to replace counsel. No motion to withdraw the guilty plea was made or filed.

## B. Analysis

Jones contends his trial counsel's refusal to file a motion to withdraw the guilty plea amounted to ineffective assistance of counsel. In order to establish ineffective assistance, the appellant must show that not only did trial counsel's performance fall well below the objective standard of effective assistance, but must also show the alleged failures of counsel caused him prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; see *People v. Mayfield* (1993) 5 Cal.4th 142, 206.) In order to demonstrate prejudice, an appellant must show a reasonable likelihood that a different outcome would have occurred in the absence of the alleged error. (*Williams v. Taylor* (2000) 529 U.S. 362, 391, 394.)

Jones relies principally on two cases for the proposition that counsel had an absolute duty to file a motion to withdraw the plea. He relies on *People v. Brown* (1986) 179 Cal.App.3d 207, 216 (*Brown*), and *People v. Osorio* (1987) 194 Cal.App.3d 183 (*Osorio*). In each case the court held that trial counsel had a duty, under the facts of each

6

case, to file a motion to withdraw the plea on the defendant's behalf. In those cases the courts remanded the matters to the trial court to allow a motion to withdraw the guilty plea to be heard. Jones seeks the same relief here.

Neither of the cases relied on by Jones establishes a per se rule that defense counsel must file a motion to withdraw the guilty plea regardless of the merits of such motion. The court in *Brown, supra*, 179 Cal.App.3d at page 216, recognized that trial counsel are not required to file frivolous motions merely because a defendant requests such filings. Such motions should not be filed where there is a good faith belief by counsel that such motion would be frivolous. (*People v. Makabali* (1993) 14 Cal.App.4th 847, 853.)

In *People v. Brown* (2009) 175 Cal.App.4th 1469, 1472, the court rejected a contention similar to that made here. The court concluded that trial counsel was not ineffective for failing to file a motion to withdraw a guilty plea where counsel reasonably believed such motion would be meritless.

In the earlier *Brown* opinion (179 Cal.App.3d 207), and the opinion in *Osorio*, *supra,* 194 Cal.App.3d 183, the appellate courts found there were reasonably arguable grounds for the motions, hence they should have been filed. The present case is plainly distinguishable. Counsel had extensive contact with Jones, who changed his position on pleading guilty depending upon his perceived advantage at the moment. Counsel described Jones as intelligent, notwithstanding his often offensive behavior. Counsel's view, which is supported by the record, was that there was no factual basis to argue that Jones was under some form of duress or that he failed to understand his plea. Not only

7

are trial counsel's observations persuasive, but the record of the change of plea proceedings, which Jones said he "clearly" understood, debunks any last moment claims of duress from previously diagnosed illnesses of his mother or himself.

Simply stated, this record does not demonstrate any ineffectiveness of trial counsel for failing to file a motion, based on alleged facts that counsel knows are false. Nor is there even the slightest possibility that a motion to withdraw the plea, on this record, would have been granted.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

McDONALD, J.

8