Filed 6/17/16  P. v. Perkins CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063053 |
| v. | (Super.Ct.No. RIF1203422) |
| DEVON SAMUEL JAMES SINGLETON PERKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey J. Prevost, Judge.

Affirmed as modified.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen

Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Under California law, when a defendant indicates a desire to withdraw a guilty plea on the ground that current counsel has provided ineffective assistance (see *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)), a trial court must conduct a *Marsden* hearing. If a defendant makes a showing during a *Marsden* hearing that the right to counsel has been substantially impaired, substitute counsel must be appointed as attorney of record for all purposes, including the withdrawal motion. (*People v. Sanchez* (2011) 53 Cal.4th 80, 83-84 (*Sanchez*); *People v. Brown* (1986) 179 Cal.App.3d 207, 216 (*Brown*).) Conversely, if there is no showing of substantial impairment of the right to counsel, no substitute counsel should be appointed for the purpose of making a motion to withdraw defendant's plea.

In the present case, defendant Devon Samuel James Singleton Perkins had entered a plea of guilty to an indicated sentence of 24 years 4 months.[1] During a sentencing hearing some months later, he asked for substitute counsel to be appointed in order to make a motion to withdraw his plea based on ineffective assistance of counsel, in particular because his current counsel had not explained his plea accurately. After the trial court conducted a *Marsden* hearing, it concluded there was no ineffective assistance of counsel and there had not been substantial impairment of the right to counsel.

---

[1] Defendant asked for a sentence of 14, 15, or 16 years. The maximum sentence was over 30 years.

Therefore, the trial court denied the *Marsden* motion while commenting there was no basis for a withdrawal motion. Defendant's current counsel did not make a motion to withdraw defendant's plea. The trial court imposed the indicated sentence of 24 years and four months.

On appeal, defendant argues the case should be remanded for the trial court to "appoint new counsel to represent [defendant] in his motion to withdraw his plea." In other words, defendant is challenging the court's denial of defendant's final *Marsden* motion. We reject defendant's arguments on this point. We find no reason to reverse the denial of the *Marsden* motion. The People concede there was a sentencing error in staying, rather than striking, a one year enhancement. Subject to a slight sentencing modification, we affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Based on the probation report, we briefly summarize the facts of the underlying offenses. On the afternoon of December 16, 2009, defendant and another person entered a Murrieta jewelry store, wearing bandanas covering their faces, and with their guns drawn. The intruders broke nine glass display cases and stole jewelry worth $52,029.38. One of them cut himself on the broken glass. Defendant was eventually identified in 2012 by blood DNA testing.

3

After defendant was arrested for the jewelry store heist, he was charged with two counts of robbery (Pen. Code, § 211);[2] personally using a firearm for both offenses (§ 12022.53, subd. (b)); and committing the offenses while released from custody, within the meaning of section 12022.1.  It was further alleged that defendant had served a prior prison term, within the meaning of section 667.5, subdivision (b); a prior serious felony conviction, within the meaning of section 667, subdivision (a); and two "strike" priors (§ 1170.12, subd. (c)(2)(A)).

After several unsuccessful *Marsden* motions, defendant pleaded guilty in August 2014 to both counts and admitted all the special allegations, pursuant to a negotiated plea disposition for an indicated sentence of 24 years four months.

Judge Helios J. Hernandez denied defendant's first *Marsden* motion on November 6, 2012.  In that hearing, defendant complained the public defender, Jason Kralovic, was not "fighting" for him.  Defendant claimed he had mental health issues but he was willing to accept a 15 year sentence instead of an offer of 25 years to life.  The court explained to defendant that he did not qualify for probation or mental health court and that it was unlikely—"a miracle"—that he could receive a sentence of 15 years instead of 25 years.

At the second *Marsden* hearing, on February 28, 2014, defendant asserted there was a lack of communication with and investigation by a second public defender, Paresh

---

[2]  All further statutory references are to the Penal Code unless stated otherwise.

Makan. Makan explained that he had tried to contact witnesses on defendant's behalf but not received responses. Judge Thomas Kelly denied the motion.

On the day of trial, July 29, 2014, Judge Richard Fields denied a third *Marsden* motion, in which defendant again challenged the quality of Makan's representation and investigation, especially concerning the DNA evidence. Makan explained at length his efforts at investigation and trial preparation. The court found defendant was being adequately represented. On the same day, Judge Hernandez also denied defendant's motion to represent himself based on defendant's diagnosis as bipolar, schizophrenic, and paranoid.

On August 4, 2014, Judge Jeffrey Prevost took defendant's guilty plea. The court advised defendant of an indicated sentence of 24 years and four months, instead of a maximum sentence of 30 years and four months. Defendant said he understood the sentence which he had discussed with his lawyer. The court further advised defendant regarding waiver of his constitutional rights. The district attorney objected to the indicated sentence and defendant's plea, which the court noted for the record. The following exchange then occurred:

"THE COURT: Mr. Perkins, to the amended information alleging, under Count 1 and under Count 2, that you committed a violation of Penal Code section 211 of the Penal Code, robbery under Count 1 of Raymond Schilber and Jewelry Castle; and under Count 2 of Leslie Santelices, and to the further allegation that you, in the commission of that robbery in each count, did personally use a firearm within the meaning of Penal Code

5

section 12022.53, subdivision (b), and 1192.7, subdivision (c), subsection (8), how do you plead?

"THE DEFENDANT: Guilty, I believe.

"THE COURT: Well, are you sure you want to enter a plea of guilty?

"THE DEFENDANT: No, but my attorney said I have to say guilty.

"THE COURT: That's correct. Do you plead guilty?

"THE DEFENDANT: Yeah."

Although defendant describes the foregoing exchange as coercive, what seems clear is defendant was advised by his lawyer and the court that, in order to accept the plea bargain, he needed to plead guilty. After another conference with his lawyer for clarification, defendant indicated he understood and agreed to the plea. The court found defendant understood his rights and freely, voluntarily, knowingly, and intelligently entered his plea. Defendant signed and initialed the felony plea form. The sentencing hearing was continued over a seven-month period for further proceedings.

On September 10, 2014, defendant filed a handwritten request to withdraw his plea and to be represented by new counsel. On November 3, 2014, the court granted defendant's motion for a continuance to allow him to retain new counsel. On December 12, 2014, Judge Prevost granted another continuance. Additional discussion occurred about the indicated sentence of 24 years four months.

At the continued sentencing hearing on February 27, 2015, Makan informed Judge Prevost that defendant was asking for another *Marsden* hearing. Defendant addressed the

6

court, asking to withdraw his plea on the grounds of ineffective counsel, claiming that defense counsel had misled him to believe his sentence would be 14 or 16 years and he was forced to plead guilty instead of no contest. The court granted defendant's *Romero*[3] motion and struck one of his prior strikes. The court then conducted a fourth *Marsden* hearing.

During the *Marsden* hearing, defendant repeated his criticism of defense counsel's representation, including a purported failure to investigate certain leads and other issues. Most of the *Marsden* hearing addressed defendant's contention he did not understand his plea agreement, and that defense counsel had not adequately explained the plea and "bamboozled" him into pleading guilty. Defendant elaborated:

"I wasn't told everything going on in [chambers]. I didn't even know — like I said, I didn't know the DA was sitting in the back while he was talking to me about the time. He told me 14 [years] and then turned around and said the max would be 16, and Counsel said — all of a sudden I hear the DA counsel says, 'Are you sure those are the right numbers?' I look over my shoulder, 'Damn, how long have you been sitting back there and my lawyer has been talking to me?' All of a sudden both gentlemen get up and go to the back and come back.

"I'm signing papers thinking the number 14 in my head. I've been up stressing and things about court all night, and now it's 24. While he's sitting here calculating, it

_____

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

7

turns out to 24 all of a sudden.  So — where I can't say no [contest] to where I have to say I'm guilty."

Defendant further stated that he had talked to another lawyer who told him Makan's representation of him was ineffective assistance of counsel.  Defendant then left Makan a message saying he wished to withdraw his plea based on his lack of understanding of the terms of the agreement:  "I said, 'I'd like to take my plea back, and you being my attorney and counsel, I'd like to take my plea back.'  I wasn't in a clear state of mind.  I didn't understand this and I didn't understand that and it was just brought to me — a clarification was brought to me by another counsel. . . .  'I'd like to take my plea back and I'd like to pursue and go to trial.'

"I wasn't in a clear state of mind.  I didn't understand certain things at that time until afterwards, and it was explained to me furthermore.  Also just to clarify this right here, your Honor, if I would have known it was certain things that was going to be used against me as far as the violation that I received for — after I beat the 2008 — Christmas Eve case in 2008, and if I would have known that violation was going to be used against me and I was going to be prior for that, I would have never — I never take this deal for 24 years."

Defense counsel responded by disputing there was any agreement for 14 or 16 years instead of 24:

"MR. MAKAN:  Your Honor, I never expressed a disposition of 14 or 16 years to Mr. Singleton.  I remember the morning of the plea, we—I came from chambers, I

8

explained to Mr. Singleton that the Court's indicated was to strike one of the strikes. And after that came a long discussion with Mr. Singleton as to how we were reaching the Court's indicated of both 24 years, 4 months as well as the maximum possible of 30 years, 4 months. During that discussion, I went over the math with Mr. Singleton a number of times. Low term doubled plus ten for the gun gets you to 14. Maximum of upper term doubled plus 10 for the gun gets you at 16. There were discussions in that regard. That is how the numbers 14 and 16 came up was in the breakdown of the charges both for the Court's indicated as well as the maximum possible punishment. I never expressed to Mr. Singleton at any point that this was 14- year or 16-year disposition.

"During that discussion, Mr. Singleton was also doing his own math as to how much of that 24 years he would be doing with good time credits, what his age would be upon his release. He and I had a lengthy discussion about that and how we got to 24 years, 4 months, how the maximum is 30 years, 4 months. At no time did I indicate to him that this was a disposition for 14 years or 16 years."

Defendant objected, calling defense counsel's comments "completely BS" and a lie. Following this exchange, the court denied defendant's *Marsden* motion:

"THE COURT: Mr. Singleton Perkins, I'm going to deny the *Marsden* motion. I feel that what you're asking for is essentially a motion to withdraw your plea as opposed to a breakdown of the attorney/client relationship to the extent that you can't cooperate with Mr. Makan.

9

"And I think that your request to withdraw your plea is based on buyer's remorse. In other words that you decided that the indicated sentence that you agreed to at the time I accepted your plea as being free and voluntary is now something that you regret, and that you want to take it back and try to go for something lower . . . .

"Under a case called *Sanchez* [*Sanchez, supra,* 53 Cal.4th 80] . . . the Court would have to consider the appointment of new counsel for bringing a motion to withdraw your plea. I don't see anything here that would support a withdrawal of plea at this point such that your free will was taken away from you at the time that you voluntarily agreed to accept the court's indicated."

The court elaborated, finding no conflict of interest or breakdown in the attorney-client relationship: "I'm finding there is not a conflict of interest . . . in the legal sense . . . . There is a disagreement between yourself and Mr. Makan how to go forward since the time of your plea. But at the time that you entered your plea, I found, and I still find, that it was entered free and voluntary, and that you have had . . . what's called buyer's remorse since then and want to try to roll the dice at trial.

"And for that reason, there has not been a breakdown in the attorney/client relationship since the time of the entry of your plea to the extent that you should be appointed a new attorney to represent you, or that a new attorney should be appointed to investigate the possibility of withdrawal of your plea because I don't —— there is nothing that you have stated that would support withdrawal of your plea at this point."

10

After denying defendant's fourth *Marsden* motion, the court sentenced defendant to 24 years and 4 months in prison. The sentence consisted of four years on count 1, ten years for the firearm allegation, two years on count two, three years and four months for the firearm allegation as to count 2, and five years for the section 667, subdivision (a) enhancement. A one year enhancement under section 667.5, subdivision (b), was imposed but stayed. Defendant was given credit for 348 days of presentence custody, consisting of 304 actual days and 44 days of conduct credit, limited pursuant to section 2933.1.

III

DISCUSSION

Both appellant and respondent concentrate their arguments on the issue of whether the trial court deprived defendant of an opportunity to withdraw his guilty plea. Based on the foregoing, however, we conclude the proper analysis for this appeal should focus on whether the trial court erred in denying defendant's fourth *Marsden* motion.

A criminal defendant's constitutional right to be represented by counsel at all stages of the proceedings extends to motions to withdraw a plea. (*Brown, supra,* 179 Cal.App.3d 207, 214.) Therefore, if a defendant and his counsel disagree about whether a defendant should make a motion to withdraw his plea, a *Marsden* hearing may be involved. As described in *Brown*: "It is again noted defendant did request the appointment of substitute counsel when his attorney declined to represent him in the motion to withdraw his plea. Should counsel's refusal persist upon remand, the trial

11

court should hold a hearing, attempt to determine the basis of the conflict and decide, in its discretion, whether substitute counsel should be appointed to represent the defendant." (*Brown, supra,* 179 Cal.App.3d at p. 216.)

Section 1018 allows a defendant to withdraw his guilty plea before judgment has been entered, upon a showing of good cause, which may be established by a showing defendant was operating under mistake, ignorance, or any factor such as inadvertence, fraud or duress, overcoming the exercise of his free judgment, and must be shown by clear and convincing evidence. (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145-146.) Over the course of the plea and sentencing proceedings between 2012 and 2015, the following information emerged: defendant was dissatisfied with his lawyer's representation and wanted to have new counsel; defendant hoped to be sentenced to 14, 15, or 16 years, not 24 years or more; defendant wanted to plead no contest rather than guilty; and defendant wanted to withdraw his guilty plea, based on his contention that his lawyer did not fully explain his sentence was for 24 years and four months. In summary, defendant consistently claimed ineffective assistance of counsel throughout the case and that claim formed the basis for his request to withdraw his guilty plea.

On appeal, defendant argues the trial court mischaracterized the *Marsden* hearing as a motion by defendant to withdraw his plea, creating an untenable situation in which defense counsel was arguing against defendant, contradicting him, and otherwise attacking the credibility of his own client. What actually happened is the trial court correctly followed the procedure outlined by the California Supreme Court in the *Sanchez*

12

case. *Sanchez* explains the correct procedure for deciding a defendant's request to withdraw his plea based on ineffective assistance of counsel is first to conduct a *Marsden* hearing. Depending on the outcome of that hearing, the court may then proceed to consider a withdrawal motion filed by substitute counsel: "In this case we consider under what circumstances a trial court is obligated to conduct a hearing on whether to discharge counsel and appoint new counsel when a criminal defendant indicates a desire to withdraw a guilty or no contest plea on the ground that current counsel has provided ineffective assistance. [Citation.] . . . We additionally hold that, if a defendant requests substitute counsel and makes a showing during a *Marsden* hearing that the right to counsel has been substantially impaired, substitute counsel must be appointed as attorney of record for all purposes." (*Sanchez, supra,* 53 Cal. 4th at pp. 80, 83–84.) The same procedure was identified in *Brown.* (*Brown, supra,* 179 Cal.App.3d at p. 216.)

At the sentencing hearing on February 27, 2015, Judge Prevost conducted a confidential *Marsden* hearing, determined there was no fundamental breakdown in the attorney-client relationship, and denied the *Marsden* motion. The court also found there was no basis for a motion to withdraw defendant's plea that would justify appointing new or substitute counsel to bring a withdrawal motion. Because the court determined there was no ineffective assistance of counsel, no withdrawal plea was warranted. Therefore, the trial court correctly did not appoint substitute counsel.

Defendant's reliance on *Brown, supra,* 179 Cal.App.3d 207, is unpersuasive because *Brown* involved a situation in which the defendant sought to withdraw his no

13

contest plea at sentencing and defense counsel had refused to present a motion to withdraw. (*Brown, supra,* at p. 211.) The appellate court held the trial court erred because it failed to conduct a *Marsden* hearing on the suitability of defense counsel's representation. (*Brown, supra,* at p. 216.) Both *Brown* and *Sanchez* instruct that a *Marsden* hearing is required when the basis of a withdrawal motion is ineffective assistance of counsel. In accordance with *Brown* and *Sanchez*, the trial court in this case properly determined there were no grounds for finding ineffective assistance of counsel based on Makan's advice to defendant about his guilty plea, and therefore no grounds to appoint new counsel to bring a withdrawal motion.

We recognize that defendant contends he was forced into arguing his own withdrawal motion without proper representation. However, according to the record, defendant never had a motion to withdraw submitted to and ruled upon by the trial court. After the *Marsden* motion was denied, had Makan decided there was merit to such a motion, he could have asserted it. Plainly, the motion would have failed because the trial court had already ruled there was no reason to bring it based on ineffective assistance of counsel. Defense counsel had no obligation to make a frivolous motion to withdraw a guilty plea. (*People v. Brown* (2009) 175 Cal.App.4th 1469, 1472-1473; *People v. Smith* (1993) 6 Cal.4th 684, 695.)

IV

DISPOSITION

The parties agree that the court erred in staying, and not striking, the one year

14

enhancement for a prison prior, pursuant to section 667.5, subdivision (b). (*People v. Jones* (1993) 5 Cal.4th 1142.) Therefore, we order the one year enhancement imposed pursuant to section 667.5, subdivision (b), be stricken and direct that an amended abstract of judgment reflecting the modification be prepared and a certified copy of the amended abstract sent to the Department of Corrections and Rehabilitation.

Subject to that modification, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

SLOUGH
J.

15