Filed 12/19/14  P. v. Valverde CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040210 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC1111713) |
| v. | |
| GABRIEL CHARLES VALVERDE, | |
| Defendant and Appellant. | |

In this appeal, Gabriel Charles Valverde (appellant) contends that we must reverse his conviction and remand this case to the trial court with directions to hold a new *Marsden* hearing.[1]  For reasons that we shall explain, this we decline to do.

*Proceedings Below*

In an amended information filed on December 5, 2012, the Santa Clara County District Attorney charged appellant with three felonies—attempted premeditated murder (Pen. Code, §§ 664, 187, 189), second degree robbery (§§ 211, 212.5, subd. (c)),[2] and carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)).  As to the attempted murder count, the prosecutor alleged that appellant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), personally inflicted great bodily injury on the victim within the meaning of sections 12022.7, subdivision (a) and 1203, subdivision (e)(3), and personally used a deadly or dangerous weapon, to wit a knife,

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

[2]     All unspecified section references are to the Penal Code.

within the meaning of section 12022, subdivision (b)(1). As to the robbery count, the prosecutor alleged that appellant committed the offense for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(B).

On June 5, 2013, after appellant's trial had started, appellant agreed to plead no contest to attempted murder, grand theft (§ 487, subd. (c)), and misdemeanor possession of a dirk or dagger (former § 12020, subd. (a)(4)); and as to the attempted murder count, admit the great bodily injury enhancement, knife use and gang allegations in exchange for a 13-year prison term and the dismissal of the remaining charges and allegations.

On August 12, 2013, before the court sentenced appellant to the agreed-upon term of 13 years in state prison, defense counsel informed the court that her client had written a letter to the court and he wanted to withdraw his plea. The court indicated that it had received a handwritten note from appellant, about a week before the sentencing hearing, in which he said that he wanted to withdraw his plea. The court asked defense counsel if she had seen the letter; defense counsel confirmed that she had not. The court explained that the letter had been marked received and had not been filed so the court had "not considered [it] other than to make [its] existence [*sic*] and general nature of the document[]."

Defense counsel asked the court if the court would like her to respond to the letter. In response, the court asked defense counsel if it was her intention to pursue a motion to withdraw her client's plea. Defense counsel confirmed that she would not be making such a motion. Defense counsel told the court that appellant "had about 48 hours to consider the offer that was made by the district attorney which continued to increase over time. Over the night, the Court was gracious enough to allow us to have the next day to come back. We had already begun the trial. [¶] Sometime over the evening I contacted his parents who appeared the next morning, who weren't in court the previous day, were not in court for most of his court appearances either. His father wished that he take the offer and expressed that was his wish. I consulted with him. He expressed the desire to

2

resolve this case." The court indicated that was all that it needed to hear, and found that the motion appellant filed was not "properly brought because the defendant is represented by counsel." The court went on to explain, "[i]nsofar as the defendant may suggest some error on the part of counsel in the proceedings, this Court fully advised the defendant of all the consequences of his plea and of the charges, there was a lengthy, in fact, seven page plea allocution in this case, as well as a signed waiver form. The defendant in this Court's view could not have been unaware of the consequences of the plea decision that were made or the beneficial nature of the offer by the People. [¶] For those reasons, I'm not going to entertain a motion to withdraw plea at this time. I might have done so had it been done immediately after the plea, but not now."

Just before the court sentenced appellant, he interrupted the proceedings to say that there was a motion he wanted to file. The court told appellant that he was represented by counsel, to which appellant replied, "She refuses to do so. I just told her. She doesn't want to do so. I want to file a Kellett[3] motion." The court told appellant that he could not file the motion because he was represented by counsel. Appellant persisted, "She doesn't want to do it and—" The court interrupted appellant and told him, "And she doesn't have to." Appellant persevered, telling the court, "I want it on the record that I want to file a Kellett motion." The court explained that it was "on the record." The court proceeded to sentence appellant pursuant to the negotiated disposition.

On September 17, 2013, appellant filed a notice of appeal. In his request for a certificate of probable cause, he challenged the validity of his plea and sentence. Specifically, appellant stated that before he was sentenced, he "expressed to the court in form of a handwritten letter . . . my desire to withdraw my plea of no contest and my reasons why. When I appeared for sentencing my court appointed attorney asked the

---

3      *Kellett v. Superior Court* (1966) 63 Cal.2d 822.

3

judge, per my request if the court did in fact receive my letter. The court did and had it in hand. My counsel as well as the D.A. were both given the opportunity to read the letter and address it. Other than said letter I verbally communicated to counsel my desire to file several motions. A motion to withdraw my plea[,] a motion for a new trial, and a Kellett motion to consolidate another case that both counsel and the D.A. were aware of. Counsel refused to file any motions for me. At which point I attempted to ad[d]ress the court myself but was denied so by the judge. However I spoke up [anyway] for matter of record. I was informed of my appeal rights and sentenced. Through my letter I clearly expressed my desire to consolidate/join my two criminal cases, to obtain new/private counsel, as well as my current counsel's ineffectiveness. In regarding People v. Brown (1986) 179 Cal.App.3d 207 . . . I should have been allowed to have my motions filed by my attorney of record.[4] As well as the opportunity to elaborate on my claim of I.A.C. For these reasons I believe I have grounds for a grant of probable cause. Thank you."

On October 1, 2013, pursuant to section 1170, subdivision (d), the trial court issued an order recalling appellant's sentence. The court stated that after fully reviewing appellant's original letter it had determined that it was "apparent that defense counsel should have requested a *Marsden* hearing" at the time of sentencing. On November 4,

---

[4] In *People v. Brown* (1986) 179 Cal.App.3d 207, this court held that the defendant was denied the assistance of counsel in his attempt to withdraw a previously entered no contest plea. (*Id*. at p. 210.) In *Brown*, the defendant wished to withdraw his plea but his attorney refused to make such motion on the defendant's behalf, apparently believing there was no legal basis for it. (*Id*. at p. 213.) This court explained that it was improper to permit the defendant to bring his motion in pro per while he was still represented by counsel and he had not waived his right to counsel, but was entitled to have the motion presented to the court by his attorney of record. (*Id*. at pp. 214-215.) This court remanded the matter to the trial court for the limited purpose of permitting the defendant to make a motion to withdraw his no contest pleas. (*Id*. at p. 216.) This court noted that if on remand counsel still refused to bring the motion, the trial court should hold a hearing, attempt to determine the basis of the conflict and decide, in its discretion, whether substitute counsel should be appointed to represent the defendant—that is, hold a *Marsden* hearing. (*Ibid*.)

4

2013, the court held a hearing and listened to appellant's complaints—in essence the same complaints he made in his letter—found that his attorney's representation was not deficient and denied the *Marsden* motion.  The court re-imposed a prison sentence of 13 years.  Appellant filed a second notice of appeal and then a third.

*Discussion*

Appellant contends and respondent agrees that any actions taken by the trial court after appellant filed the first notice of appeal were null and void because the filing of the notice of appeal divested the trial court of jurisdiction over the matter.[5]

Appellant insists that this matter must be remanded to permit the trial court to conduct a hearing on his *Marsden* motion.  Respondent disagrees.

In his letter to the court appellant stated that he was writing to "voice to the court . . . [his] concerns about [his] plea entered . . . on June 5, 2013."  Appellant said that his "main concern [was] that [his] plea was not knowingly and intelligently made.  Especially since [he had] become aware of certain facts that [he] was not aware of at the time of [his] plea.  Such as [his] maximum possible penalty.[6]  [He] was advised by the

---

[5]   "Generally, the filing of a notice of appeal vests jurisdiction in the appellate court and divests the trial court of jurisdiction to make any order affecting the judgment.  [Citations.]  ' "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it.  [Citations.]  Thus, action by the trial court while an appeal is pending is null and void.  [Citations.]  Indeed, '[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity.'  [Citation.]" ' [Citations.]"  (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496.)  As this court has explained, "The purpose of the rule depriving the trial court of jurisdiction pending appeal ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it." [Citation.]' "  (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472; accord *People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471.)

[6]   In the "Advisement of Rights, Waiver, and Plea Form" that appellant signed and initialed, appellant was advised that the maximum penalty for the charges to which he (continued)

5

court and counsel that [his] max was "life" only. At no time was [he] ever made aware of [the] possibility of parole after a certain [number] of years served. Therefore, [he] was not properly advised of his maximum penalty in accordance with rule 11(c) of federal rules of criminal procedures." Appellant stated that another of his concerns was "another two serious cases [he] had pending. [He] was ill advised by court appointed counsel that concurrent sentencing for all [his] cases was highly more likely if only [he] took the offered deal. Although [he] always expressed to counsel [his] concern about [his] other cases, and her obligation to look out for [his] best interest, she never advised [him] about consolidating [his] cases even though she ha[d] known of them as long as [he had]." Appellant continued, "To bring to light my I.A.C. there are also other factors. I was denied any reasonable time to intel[l]igently consider plea bargain. I asked my counsel for more time and she simply told me no without asking the court or D.A. I was lead [*sic*] to believe I would get less time because I was told I could get one of my felonies dropped to a misdemeanor later. My family was exploited of influence and their words were altered in order to wrongly convince me to plea, which was made obvious in open court. I was given only one ultimatum, to take the offered deal or go to trial and get 'life.' Afforded no time to think and given the surprise of a sudden start of trial, I was put under major duress. Given an unprepared attorney who never interviewed any witnesses, never gathered character evidence from my family even though they gathered it upon her request, never consulted me with any motions, and conducted no real investigation. Knowing that my only other option was trial with no preparation, I was forced to accept the deal and plea. Your honor, I understand that time may be precious to the court, but it is infin[i]tely more so to him whose life or liberty may depend on the patient consideration of the evidence. So please give a high consideration to all the facts and circumstances or my situation. How could I have knowingly and intel[l]igently

would be pleading was "24 years and 8 months."

6

entered a plea without being advised of my maximum penalty and possible parole and given other wrong advice. Is it not fair and just to be given reasonable time to consider a plea without duress, a reasonable time to secure private counsel without a surprise of trial? Please allow me a fair chance to secure counsel of my choice as my right, consolidate all my serious cases and prepare a defense after a real investigation has actually been conducted. I ask your honor out of good conscience, not to sentence me after being unjustly processed and grant me my plea back. Thank you."

Relying on *People v. Molina* (1977) 74 Cal.App.3d 544, 548 and *People v. Courts* (1985) 37 Cal.3d 784, 787-796 (*Courts*), respondent argues that the trial court was not required to hold a *Marsden* hearing because appellant's letter did not trigger such a duty. In essence, respondent contends that no *Marsden* hearing is required where a defendant requests additional time to retain and substitute retained counsel for a public defender.

The defendant in *Courts* was represented by appointed counsel. (*Courts*, *supra*, 37 Cal.3d at p. 787.) The defendant attempted to obtain the services of an attorney for the upcoming trial, but lacked sufficient funds. (*Ibid*.) The defendant made a continuing effort to gather sufficient funds. (*Ibid*.) At a trial setting conference, appointed counsel informed the court that the defendant wanted a continuance in order to hire private counsel. (*Ibid*.) The lower "court denied the request, explaining that it was 'too late for coming into court . . . to be asking for another attorney'; [defendant] could not 'wait to the last minute and say [he wanted] a continuance.' " (*Id*. at p. 788.) Shortly thereafter, the defendant did retain private counsel, the motion for a continuance was renewed, and the court again denied the motion. (*Id*. at pp. 788-789.) At a later hearing, the prosecutor made a reference to *Marsden* and the *Courts* court observed: "[R]eliance on *Marsden,* a case which involved the substitution of *appointed* counsel for another *appointed* counsel, was inapposite. The standards for evaluating such requests are quite different than those used in the retained counsel context." (*Id*. at p. 795, fn. 9.)

We agree with respondent that *Courts* supports the proposition that *Marsden* is not

7

implicated when a defendant seeks to substitute retained counsel for appointed counsel.

Appellant argues a defendant need only make known his dissatisfaction with counsel's representation and desire to be represented by substitute counsel to trigger the trial court's obligation to conduct a *Marsden* inquiry. Appellant cites *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*) for this proposition. We point out that the issue in *Sanchez* was "under what circumstances a trial court is obligated to conduct a [*Marsden*] hearing on whether to discharge counsel and *appoint* new counsel when a criminal defendant indicates a desire to withdraw a guilty or no contest plea on the ground that current counsel has provided ineffective assistance." (*Id.* at pp. 83-84, italics added.) In *Sanchez*, " 'the trial court's duty to conduct a *Marsden* hearing was triggered by defense counsel's request for *appointment of substitute counsel* to investigate the filing of a motion to withdraw [the] plea on Sanchez's behalf.' " (*Id.* at p. 90, fn. 3, italics added.)

Even if this court assumed for the sake of argument that appellant's request for time to retain private counsel was a de facto *Marsden* motion, the inquiry undertaken by the trial court at the sentencing hearing satisfied the requirements of *People v. Marsden*, *supra*, 2 Cal.3d 118.

When a defendant seeks to discharge appointed counsel and seeks substitute appointed counsel, the trial court must provide the defendant with an opportunity to air his grievances regarding counsel's representation and depending on the nature of the defendant's grievances, give defense counsel an opportunity to respond. (*People v. Memro* (1995) 11 Cal.4th 786, 857.) In effect, that is what happened here. It is quite apparent from the court's response to defense counsel bringing appellant's request to withdraw his plea to the court's attention that the court had read and considered appellant's letter. Appellant had explained what he perceived defense counsel's failings to be in his letter to the trial court. In response, defense counsel explained that appellant was given adequate time and information regarding the plea bargain by both counsel and the trial court. The trial court then provided its own observations regarding counsel's

8

performance and the circumstances surrounding appellant's acceptance of the prosecution's offer, including that the court had advised appellant of all the consequences of his plea and of the charges, and there was a "seven page plea allocution in this case," as well as a signed waiver form.

Under these circumstances, to remand for further proceedings would exalt form over substance and waste precious judicial resources. The law does not require the performance of idle acts. (Civ. Code, § 3532; see also *People v. Coelho* (2001) 89 Cal.App.4th 861, 889 [reviewing courts have consistently declined to remand cases where doing so would be an idle act that exalts form over substance].) Here, a reversal and remand would result only in an exercise in futility, and would not alter the outcome of the judgment and sentencing in any respect.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.